IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 AUG 15  P 2: 44

| | | |
|---|---|---|
| **OLLIE GODWIN,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CASE NO: 2:05cv783-W |
| V. | ) | |
| | ) | |
| **NATIONAL UNION FIRE INSURANCE** | ) | From Circuit Court of Crenshaw County |
| **COMPANY OF PITTSBURGH, INC.,** | ) | Case No: CV05-69 |
| **ET AL.,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW, pursuant to 28 U.S.C. § 1446, the Defendant AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc. ("National") and respectfully files this Notice of Removal to remove this civil action from the Circuit Court of Crenshaw County, Alabama, wherein it was filed as CV-05-69, to the United States District Court for the Middle District of Alabama, Northern Division, and, in support thereof, shows unto this Honorable Court as follows:

1.  As detailed in this Notice of Removal, the Plaintiff's claims against the non-diverse Defendants Palomar Insurance Corporation ("Palomar") and Godwin Material Services, Inc. ("Godwin") fail as a matter of law; they are consequently fraudulently joined. As a result, this civil action is properly removed based on diversity of citizenship.

2.  On or about July 12, 2005, the Plaintiff filed a Complaint in the Circuit Court of Crenshaw County, Alabama, in the civil action styled <u>Ollie Godwin v. Palomar Insurance Corporation, et al.</u>, Civil Action No. 05-69. A true and correct copy of all process and pleadings

1

in this matter is attached hereto as **Exhibit A**. The Complaint states only claims of bad faith and breach of contract.

3. The Summons and Complaint were served upon National on July 14, 2005. Both Palomar and Godwin were served the same day.

4. This action could have been filed in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and the properly joined Defendant and the amount in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, the Plaintiff is a resident of Crenshaw County, Alabama. See Complaint at ¶ 1.

6. National is incorporated in the State of Pennsylvania with its principal place of business in New York. As a result, National is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

7. Palomar is an Alabama corporation. It sold the National policy to Godwin. See Complaint ¶¶ 2 & 6.

8. Godwin is an Alabama corporation. It is the owner of the insurance policy which is made the basis of this case. See Complaint ¶ 4.

9. Although the Complaint alleges the Palomar and Godwin are residents of the State of Alabama, their joinder does not preclude diversity jurisdiction because both Palomar and Godwin were fraudulently joined in this action. When a defendant has been fraudulently joined, the court should disregard its citizenship for purposes of determining whether a case is

2

removable based on diversity of citizenship. See, e.g., Owens v. Life Insurance Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003); Tapscott v. MS Dealer Service Corp. 77 F.3d 1353, 1360 (11th Cir. 1996) overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

10. Fraudulent joinder exists in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

Id. at 1323-24, quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

11. There is no possibility the Plaintiff can prove a cause of action against Palomar or Godwin; therefore, they have been fraudulently joined. The Plaintiff's claims are solely for bad faith and breach of contract. Although Palomar and Godwin are named as defendants, this case involves National's denial of benefits subsequent to the Plaintiff's submission of claims for benefits under a occupational accident policy issued by National. The Plaintiff's claims against Palomar and Godwin are contrived to avoid federal court jurisdiction.

12. The law is clear in Alabama; an insurance agent cannot be held liable for breach of an insurance contract or bad faith because the agent is not a party to the insurance contract. See Owens; Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001) and Ligon Furniture Co., Inc. v. O.M. Hughes Ins. Inc., 551 So. 2d 283 (Ala. 1989). The existence of a contractual relationship is a prerequisite to maintaining a claim for breach of contract or bad faith. See Employees' Benefit Ass'n v. Grissett, 732 So. 2d 968, 975 (Ala. 1998) (holding under Alabama law, in order to establish a breach of contract, a plaintiff must

3

prove: (1) **the existence of a valid contract binding the parties in the action;** (2) his own performance under the contract; (3) the defendant's non performance; and (4) damages.) (emphasis added); State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 304 (Ala. 1999) (holding under Alabama law, in order to establish a claim for bad faith, a plaintiff must **prove an insurance contract between the parties and a breach thereof by the defendant;** (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for that refusal; (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason) (emphasis added). Therefore a breach of contract or bad faith claim may not be maintained against Palomar because it was the agent to the insurance contract and it does not have the requisite contractual relationship with the Plaintiff.

13. Likewise, a breach of contract or bad faith claim cannot be maintained against Godwin because the insurance contract made the basis of this suit is not between Godwin and the Plaintiff. As stated above, in order to maintain an action for breach of contract or bad faith, there must be a contract binding the parties. There is no insurance contract binding Godwin and the Plaintiff. As admitted by the Plaintiff in the Complaint, Godwin is the policy owner, not the insurer. Thus no breach of contract or bad faith claim can be maintained against Godwin.

14. The Plaintiff maintains in his Complaint that Godwin "is joined pursuant to Rule 19(a) of the *Alabama Rules of Civil Procedure*...." See Complaint ¶ 4. However, there is no reason under Rule 19(a) that Godwin must be joined in the action. Rule 19(a) states:

> A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations by reason of the claimed interest.

ALA. R. CIV. P. 19(a). Complete relief can be accorded between the Plaintiff and National without the joinder of Godwin and Godwin claims no interest in this action. Therefore, Rule 19(a) is inapplicable to the present action and cannot be used as a reason for the Plaintiff to join Godwin and destroy diversity.

15. Although Plaintiff attempts to destroy diversity by naming Palomar and Godwin as defendants to his breach of contract and bad faith lawsuit against National, it is clear from the face of the Complaint the entire cause of action arises out of National's alleged **breach of the insurance contract**. For example, Count I alleges National, Palomar and Godwin "intentionally refused to pay the Plaintiff's claims **pursuant to the terms of the policy**." Complaint ¶ 23. Count II states a claim against all defendants also arising out of the failure and refusal to "fully perform their **part of the contract/policy**." Complaint ¶ 35.

## AMOUNT IN CONTROVERSY

16. In order to meet the $75,000 jurisdictional threshold in a case with an unspecified claim for damages, Defendant need show only "the amount in controversy more likely than not exceeds the [now $75,000] jurisdictional requirement." Owens, 289 F. Supp. 2d at 1327 quoting Tapscott, 77 F.3d at 1357.

17. In his Complaint, the Plaintiff's Complaint seeks $59,581.44 in compensatory damages as well as punitive damages.

18. Prospective punitive damages must be considered in any calculation of the amount in controversy. See Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such

cannot be recovered.") (internal citations omitted); Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine jurisdictional amount in controversy).

19. "In determining whether the jurisdictional level has been met, this Court may look for guidance to recent decisions rendered in cases on the same type of suit." Bolling v. Union National Life Insurance Co., 900 F. Supp. 400, 404 (M.D. Ala 1995). Professor George Priest of Yale Law School has conducted an "analysis of Alabama jury verdicts of punitive damages against out-of-state insurance companies." Davis v. Franklin Life Insurance Co., 71 F. Supp. 2d 1197, 1199 (M.D. Ala. 1999). In his analysis, Professor Priest "concluded that, even after BMW v. Gore, the average punitive damage award affirmed by the Alabama Supreme Court is $874,667." Id.; see also Jackson v. American Bankers Insurance Co. of Florida, 976 F. Supp. 1450, 1452 (S.D. Ala. 1997) (citing similar earlier analysis by Professor Priest).

20. For the foregoing reasons, it is more likely than not that the jurisdictional amount for diversity jurisdiction is met in this case.

21. If any question arises as to the existence of the requisite amount in controversy, then National requests the opportunity to submit post-removal evidence in accordance with the procedure adopted by the Eleventh Circuit. See Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000). In affirming the denial of Plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered Defendant's post-removal evidence including Defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." Id.

6

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22. Because this Notice of Removal is filed within thirty days of service of the Complaint upon the first served Defendant, it is timely under 28 U.S.C. §1446(b).

23. All properly joined and served Defendants join in and consent to this removal. "For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity." Owens, 289 F. Supp. 2d at 1322 n.2. All other parties, National, Palomar and Godwin, join in this notice of removal.

24. National, Palomar and Godwin have sought no similar relief with respect to this matter.

25. The prerequisites for removal under 28 U.S.C. §1441 have been met.

26. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

27. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be filed simultaneously with the Circuit Court Clerk for the Circuit Court of Crenshaw County.

28. The allegations of this notice are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

29. If any question arises as to the propriety of the removal of this action, National requests the opportunity to present a brief and oral argument in support of its position this case is removable.

WHEREFORE, National, Palomar and Godwin, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the

district and division of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted,

*/s/ Michelle L. Crunk*

John W. Dodson (DOD 012)
Michelle L. Crunk (CRU 017)
Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc., Palomar Insurance Corporation, and Godwin Material Services, Inc.

OF COUNSEL:

FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of August, 2005 a copy of the foregoing document has been served upon counsel for all parties to this proceeding via United States Mail:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
P.O. Box 971
Hayneville, Alabama 36040-0971

*/s/ Michelle L. Crunk*
OF COUNSEL

COPY SENT VIA U.S. MAIL TO:
Circuit Court Clerk of Crenshaw County
P.O. Box 167
Luverne, Alabama 36049

8