# IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

OLLIE GODWIN )
)
    Plaintiff, )
)
) Case No.: CV-05-69
v. )
)
PALOMAR INSURANCE CORPORATION, )
AIG d/b/a NATIONAL UNION FIRE )
INSURANCE COMPANY OF PITTSBURGH, )
INC., GODWIN MATERIAL )
SERVICES, INC., and FICTITIOUS )
DEFENDANTS, A, B, and C, Being those )
persons, firms, corporations, )
and/or any other entity responsible for or )
which carried out the acts and/or )
omissions herein complained of with )
respect to Plaintiff, whose names or )
Identities are otherwise unknown at this )
time, but which will be added )
by amendment when ascertained. )
)
    Defendant. )



## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Ollie Godwin, by and through the undersigned attorney of record, and would show this Honorable court as follows:

### PARTIES

1    The Plaintiff, Ollie Godwin, is over the age of nineteen years and is a resident of Crenshaw County, Alabama. Hereafter referred to as Plaintiff.

2.    Defendant, Palomar Insurance Corporation, is a duly licensed Corporation doing business in Alabama, with offices in Montgomery, Alabama, through its agents/agencies, including Crenshaw County. It is in the business of providing Alabama businesses with Occupational Accident insurance. Hereafter referred to as Defendant Palomar.

3. Defendant, AIG d/b/a National Union Insurance Company, is duly licensed with the Alabama Secretary of State as a corporation doing business in Alabama including Montgomery County and Crenshaw County, Alabama and is the corporation underwriter for the Palomar Occupational Accident policy that is made the basis of this complaint.

4. Defendant, Godwin Material Services Inc., a duly licensed Corporation doing business in Crenshaw County Alabama, is joined pursuant to Rule 19(a) of the *Alabama Rules of Civil Procedure* and is the owner of the insurance policy which is made the basis of this complaint. Hereafter referred to as Godwin Inc.

5. Defendants A, B, and C are underwriters for Defendant Palomar Insurance Corporation, employees, and/or agents of Palomar Insurance Corporation, doing business in Alabama, including Crenshaw County, Alabama and committed acts complained of herein and will be named and added appropriately when known.

## STATEMENT OF FACTS

6. Godwin Inc., purchased an Occupational Accident Insurance Policy from Palomar Insurance Corporation (hereinafter referred to as Palomar) to insure their truck drivers, including Plaintiff, Ollie Godwin. Policy number 9056434 is underwritten by AIG d/b/a National Union Insurance Company. (Hereinafter referred to as AIG/National) Copy of Policy 905643 is attached as Exhibit A.

7. The Policy became effective on May 01, 2003 and renewed on the anniversary date for years 2004 and 2005. The Occupational Policy was such that the policy would renew every year.

8. Plaintiff was a truck driver for Godwin Inc., and was insured under the terms of the aforementioned policy.

9. Plaintiff was paying premiums that were deducted by Godwin Inc., from his checks on a regular basis.

10. Said premiums were paid pursuant to the terms of the policy.

11. On or about October/November 2003 the Plaintiff suffered an occupational injury that resulted in the Plaintiff having surgery for hernia. Said Policy 9056434 has a special Hernia Coverage Rider and, pursuant to the policy terms, said injury should have been covered.

12. Plaintiff was under dispatch at the time of his injury and Godwin Inc., wrote to AIG/National and reported that the Plaintiff was under dispatch.

13. AIG/National ignored Godwin Inc., request and classified the Plaintiff's injury as non-occupational and did not pay his claim pursuant to the occupational classification under the policy.

14. Plaintiff on or about October 27, 2004 was again injured while on dispatch. Said injury to his knee and hip has resulted in collapse of his left hip which required surgery.

15. Again, AIG/National has refused to pay any of the Plaintiff's expenses relating to his injury of October 27, 2004 pursuant to the occupational accident Policy number 9056434.

16. The Defendants, as of the date of this complaint, have failed and/or refused to compensate the Plaintiff pursuant to all terms of the policy.

17. The Defendants, as of May 01, 2005, have refused to renew/cover the Plaintiff under the policy.

### COUNT I
### BAD FAITH

18. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

19. That on or about the October/November 2003 and October 27, 2004 the Plaintiff was injured in two separate accidents while he was on dispatch for Godwin Inc

20. Plaintiff timely gave Defendant Palomar, AIG/National, Godwin Inc and Fictitious Defendants A, B, and C notice of both injuries, pursuant to the terms under said p... and made claims for benefits thereunder.

21. Defendant Palomar, AIG/National, Godwin Inc, and Fictitious Defendants A, B, and C did pay some of the Plaintiff's expenses on his injury of October/November 2003, bu... classified his injury as non-occupational whereby they would not be required to pay as much as if the injury had been classified as occupational.

22. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C have intentionally refused to pay any of the Plaintiff's expenses pertaining to his injury of October 27, 2004.

23. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C intentionally refused to pay the Plaintiff's claims pursuant to the terms of the policy... a correspondence dated February 27, 2004 pertaining to his October/November 2003 injury and correspondence dated February 19, 2005 pertaining to the Plaintiff's October 27, 2004 injury and has denied the Plaintiff's claims without lawful justification.

24. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's refusal to pay said claims was not based upon any reasonably legitimate, arguable or debatable reason.

25. Defendant Palomar, AIG/National, Godwin Inc, and Fictitious Defendants A, B, and C knew that there was no legitimate, arguable or debatable reason for denying the claims when Defendants refused to pay said claims.

26. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C intentionally failed to investigate the claim to determine whether or not there was a lawful basis for its refusal to pay said claim.

27. Defendant Palomar, AIG/National, Godwin, Inc., and Fictitious Defendants A, B, and C's determination that the Plaintiff's injury of October/November 2003 was a non-occupational injury and that the Plaintiff's October 27, 2004 injury was caused by an underlying medical condition and not occupational related are false and unsubstantiated.

28. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C acted in bad faith in refusing to pay Plaintiff's claims.

29. Plaintiff claims punitive damages of Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C.

30. Because of Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's refusal to pay, the Plaintiff has been damaged and caused to suffer in that he has had to bear all medical costs associated with his injuries, the Plaintiff was not paid disability benefits due under the policy, and the Plaintiff has not, otherwise, been compensated pursuant to the terms of the policy for which he has been paying premiums.

## COUNT II
### BREACH OF CONTRACT

31. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

32. That on or about May 01, 2003 and May 01, 2004 Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C renewed the Plaintiff's Occupational Accident Policy which covered the Plaintiff in the event of occupational accidents

33. That Policy Number 9056434, drafted by Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C and issued to Godwin Inc., and the Plaintiff is a written contract of insurance between the Plaintiff and Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C in which they agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C would pay for losses pursuant to the terms of the contract/policy. A copy of the policy is herewith attached as Exhibit A.

34. Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

35. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C has failed and refused, and continues to fail and refuse, to fully perform their part of the contract/policy.

36. Due to Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's failure to perform, the Plaintiff has been damaged and caused to suffer in that he has had to bear the cost of extensive medical treatment, was not paid his disability benefits due him, has lost time from work which has caused him financial hardship, and he has not been otherwise compensated pursuant to the terms of the policy.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment, by a fair and impartial jury, against Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C for compensatory damages in the amount of the $59,581.44 and punitive damages in an amount to be determined by a jury plus all costs associated with this legal action

Respectfully submitted this 2 day of July 2005

_____
OLLIE GODWIN, PLAINTIFF

_____
ARLENE M. RICHARDSON (RIC045)

RICHARDSON LEGAL CENTER, LLC
Post Office Box 971
Hayneville, Alabama 36040
Phone. (334) 548-5660
Fax   (334) 548-5661