**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **OLLIE GODWIN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | CASE NO: 2:05-cv-00783-SRW |
| ) | |
| **NATIONAL UNION FIRE INSURANCE** ) | From Circuit Court of Crenshaw County |
| **COMPANY OF PITTSBURGH, INC.,** ) | Case No: CV05-69 |
| **ET AL.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

## ANSWER

COMES NOW the defendant, National Union Fire Insurance Company of Pittsburgh, PA (incorrectly named in the Complaint as "AIG d/b/a National Union Fire Insurance Company of Pittsburgh, PA"), by and through the undersigned attorneys of record and in response to the plaintiff's Complaint states as follows:

## PARTIES

1.      This paragraph makes no allegations or claims against the defendant and therefore commands no response.

2.      This paragraph makes no allegations or claims against the defendant and therefore commands no response.

3.      The defendant admits it is licensed to do business in Alabama and underwrote the 2004 policy made the basis of this Complaint. The defendant denies the remainder of this paragraph.

4.      This paragraph makes no allegations or claims against the defendant and therefore

commands no response.

5.     This paragraph makes no allegations or claims against the defendant and therefore commands no response.

## **STATEMENT OF FACTS**

6.     Admitted.

7.     Denied.

8.     Admitted.

9.     The defendant is without knowledge or information sufficient to verify or deny the truth of the averments in this paragraph and demand strict proof thereof.

10.    Admitted.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

## **COUNT ONE – BAD FAITH**

18.    The defendant realleges and incorporates by reference the responses to Paragraphs 1 through 17 as if fully set forth herein.

19.    Denied.

20.    Admitted.

21.    The defendant admits that benefits were paid pursuant to the injury being

classified as non-occupational.

    22.    Denied.

    23.    Denied.

    24.    Denied.

    25.    Denied.

    26.    Denied.

    27.    Denied.

    28.    Denied.

    29.    This paragraph makes no allegations or claims against the defendant and therefore commands no response.

    30.    Denied.

## COUNT TWO – BREACH OF CONTRACT

    31.    The defendant realleges and incorporates by reference the responses to Paragraphs 1 through 30 as if fully set forth herein.

    32.    Denied.

    33.    The defendant admits the existence of a policy 9056434 issued by the defendant. The defendant denies the remainder of this paragraph .

    34.    This paragraph makes no allegations or claims against the defendant and therefore commands no response. However, should it be determined that a response is necessary, the defendant denies the same and demands strict proof thereof.

    35.    Denied.

    36.    Denied.

As to the unnumbered paragraph following Paragraph 36 in the Complaint, the defendant

denies it in its entirety. The defendant further denies that the plaintiff is entitled to an award of damages based on the allegations in the Complaint, that plaintiff is entitled to any interest pre- or post-judgment, that plaintiff is entitled to recover the costs of the proceeding, or that plaintiff is entitled to any other relief at law or in equity.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendant acted in good faith at all times in its dealings with the plaintiff.

### SECOND DEFENSE

The plaintiff failed to mitigate his damages.

### THIRD DEFENSE

The plaintiff failed to meet the conditions precedent to the policy of insurance.

### FOURTH DEFENSE

The defendant denies that it is guilty of any act, wanton or otherwise, which would give rise to a claim for punitive damages or an award of punitive damages against it.

### FIFTH DEFENSE

The defendant says that subjection of it to unlimited punitive damage fines constitutes arbitrary and capricious punishment in violation of constitutional restrictions embodied in the Due Process Clause and the Excessive Fines Clause of the United States Constitution, as well as their counterparts in the Alabama Constitution, Article I, Sections 6 and 15.

### SIXTH DEFENSE

The plaintiff cannot recover punitive damages against the defendant because such an award, which is penal in nature, would violate the defendant's constitutional rights protected under the United States and Alabama Constitutions unless the defendant is awarded the same

procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and the requirement of proof beyond a reasonable doubt.

**SEVENTH DEFENSE**

The imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the defendant's rights to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

**EIGHTH DEFENSE**

The defendant avers that the imposition of the award of punitive damages against it based on the principles of joint and several liability amounts to an excessive fine imposed against the defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

**NINTH DEFENSE**

The failure of the law of the State of Alabama to make a provision for the imposition of but one assessment of damages against a joint tortfeasor, despite differing degrees of culpability and wrong doing, and reasonably act to establish a classification against the defendant for acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that the defendant did not commit, is in contradiction of the rights afforded it by the Fourteenth Amendment to the Constitution of the State of Alabama which requires that the State afford all persons equal protection of the law.

**TENTH DEFENSE**

The defendant avers that the law of the State of Alabama by imposing joint and several liability on it for the acts of other operates to create an arbitrary and capricious method and

manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in this action and thereby deprives the defendant of its property without due process of law and contradiction of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

The defendant avers that Section 6-11-21, Alabama Code (1975), places the maximum limit of $250,000.00 on punitive damages recoverable, if at all, by the plaintiff in this case and that the decision of the Alabama Supreme Court, in holding the $250,000.00 maximum allowable award for punitive damages passed by the Legislature and made the law of this State, to be unconstitutional as a violation of the Separation of Powers Clauses of the Constitutions of the United States and the State of Alabama.

## TWELFTH DEFENSE

The defendant avers that the public policy of the State of Alabama as set forth in Section 6-11-21, Alabama Code (1975), established a maximum limit of $250,000.00 on punitive damages recoverable (if any) by the plaintiff and that the plaintiff cannot recover more than the limit established by the public policy of this state.

## THIRTEENTH DEFENSE

The defendant denies any acts of omission or commission which give rise to the plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than $250,000.00, it is void as the proximate result of Section 6-11-21 of the Alabama Code (1975).

## RESERVATION OF DEFENSES

The defendant reserves its right to amend the Answer as discovery progresses and as issues may arise.

Respectfully submitted,

/s/ John W. Dodson                    .
John W. Dodson (DOD 012)
Michelle L. Crunk (CRU 017)
Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc., Palomar Insurance Corporation, and Godwin Material Services, Inc.

OF COUNSEL:

FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of August, 2005 a copy of the foregoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
P.O. Box 971
Hayneville, Alabama  36040-0971

/s/ John W. Dodson
OF COUNSEL