**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **OLLIE GODWIN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | CASE NO: 2:05-cv-00783-SRW |
| ) | |
| **NATIONAL UNION FIRE INSURANCE** ) | From Circuit Court of Crenshaw County |
| **COMPANY OF PITTSBURGH, INC.,** ) | Case No: CV05-69 |
| **ET AL.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

## PALOMAR INSURANCE CORPORATION'S MOTION TO DISMISS

COMES NOW the defendant, Palomar Insurance Corporation (hereinafter referred to as "Palomar"), by and through counsel, and moves this Court to dismiss it from the above-styled case and in support thereof states as follows:

1. The plaintiff fails to state a claim against Palomar upon which relief can be granted.

2. The Complaint states only claims of bad faith and breach of contract.

3. Palomar was not a party to the insurance contract entered by the plaintiff and National Union Fire Insurance Company of Pittsburgh, PA and thus cannot be liable for the specific allegations in the plaintiff's Complaint.[1]

4. Palomar sold the National policy to Godwin. See Complaint, Paragraphs 2 and 6.

5. The law is clear in Alabama that an insurance agent cannot be held liable for the breach of an insurance contract or bad faith because the agent is not a party to the insurance

---

[1] See copy of the policy attached hereto as Exhibit "A." As established in Donahue v. National Ins. Co., 838 So. 2d 1032, 1035 (Ala. 2002), a defendant may submit, refer to, and cite a relevant insurance policy in a Motion to Dismiss without converting it into a Motion for Summary Judgment if the policy is "referred to in the Complaint and essential to the plaintiff's claim."

contract.  See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (N.D. Ala. 2001); and Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc., 551 So. 2d 283 (Ala. 1989).  The existence of a contractual relationship is a prerequisite to maintaining a claim for breach of contract or bad faith.  See Employee's Benefit Association v. Grissett, 732 So. 2d 968, 975 (Ala. 1998) (holding under Alabama law, in order to establish a breach of contract, a plaintiff must prove 1) **the existence of a valid contract binding the parties in the action**; 2) his own performance under the contract; 3) the defendant's non-performance; and 4) damages) (emphasis added) and State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293, 304 (Ala. 1999) (holding under Alabama law, in order to establish a claim for bad faith, a plaintiff must prove 1)  **an insurance contract between the parties and a breach thereof by the defendant**; 2) an intentional refusal to pay the insured's claim; 3)  the absence of any reasonably legitimate or arguable reason for that refusal; 4) the insurer's actual knowledge of the absence of any legitimate or arguable reason) (emphasis added).  Therefore, a breach of contract or bad faith claim may not be maintained against Palomar because it was the agent to the insurance contract and does not have the requisite contractual relationship with the plaintiff.

  6. The proper defendant, National Union Fire Insurance Company of Pittsburgh, P.A., has been named and has answered in the above-styled case.

  WHEREFORE, Palomar moves this Honorable Court to dismiss it from the above-styled case.

Respectfully submitted,

/s/ John W. Dodson
John W. Dodson (DOD 012)
Michelle L. Crunk (CRU 017)
Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc., Palomar Insurance Corporation, and Godwin Material Services, Inc.

OF COUNSEL:

FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

**CERTIFICATE OF SERVICE**

This is to certify that on this the 23rd day of August, 2005 a copy of the foregoing document has been served upon counsel for all parties to this proceeding via United States Mail:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
P.O. Box 971
Hayneville, Alabama 36040-0971

/s/ John W. Dodson
OF COUNSEL