**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **OLLIE GODWIN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | CASE NO: 2:05-cv-00783-SRW |
| ) | |
| **NATIONAL UNION FIRE INSURANCE** ) | From Circuit Court of Crenshaw County |
| **COMPANY OF PITTSBURGH, INC.,** ) | Case No: CV05-69 |
| **ET AL.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

## GODWIN MATERIAL SERVICES, INC.'S MOTION TO DISMISS

COMES NOW the defendant, Godwin Material Services, Inc. (hereinafter referred to as "Godwin"), by and through counsel and moves this Court to dismiss it from the above-styled case and in support thereof states as follows:

1. The plaintiff fails to state a claim against Godwin upon which relief can be granted.

2. The Complaint states only claims of bad faith and breach of contract.

3. Godwin was not a party to the insurance contract entered by plaintiffs and National Union Fire Insurance Company of Pittsburgh, PA and thus cannot be liable for the specific allegations in the plaintiff's Complaint.[1]

4. The existence of a contractual relationship is a prerequisite to maintaining a claim for breach of contract or bad faith. See Employee's Benefit Association v. Grissett, 732 So. 2d 968, 975 (Ala. 1998) (holding under Alabama law, in order to establish a breach of contract, a

---

[1] See copy of the policy attached hereto as Exhibit "A." As established in Donahue v. National Ins. Co., 838 So. 2d 1032, 1035 (Ala. 2002), a defendant may submit, refer to, and cite a relevant insurance policy in a Motion to Dismiss without converting it into a Motion for Summary Judgment if the policy is "referred to in the Complaint and essential to the plaintiff's claim."

plaintiff must prove 1) **the existence of a valid contract binding the parties in the action**; 2) his own performance under the contract; 3) the defendant's non-performance; and 4) damages) (emphasis added) and State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293, 304 (Ala. 1999) (holding under Alabama law, in order to establish a claim for bad faith, a plaintiff must prove 1) **an insurance contract between the parties and a breach thereof by the defendant**; 2) an intentional refusal to pay the insured's claim; 3) the absence of any reasonably legitimate or arguable reason for that refusal; 4) the insurer's actual knowledge of the absence of any legitimate or arguable reason) (emphasis added).

     5.    A breach of contract or bad faith claim cannot be maintained against Godwin because the insurance contract made the basis of this suit is not between Godwin and the plaintiff. As stated above, in order to maintain an action for breach of contract or bad faith, there must be a contract binding the parties. There is no insurance contract binding Godwin and the plaintiff. As admitted by the plaintiff in the Complaint, Godwin is the policyowner, not the insurer. Thus no breach of contract or bad faith claim can be maintained against Godwin

     6.    The proper defendant, National Union Fire Insurance Company of Pittsburgh, PA, has been named and has answered in the above-styled case.

WHEREFORE, Godwin moves this Honorable Court to dismiss it from the above-styled case.

Respectfully submitted,

 /s/  John W. Dodson
John W. Dodson (DOD 012)
Michelle L. Crunk (CRU 017)
Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc., Palomar Insurance Corporation, and Godwin Material Services, Inc.

OF COUNSEL:

FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of August, 2005 a copy of the foregoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
P.O. Box 971
Hayneville, Alabama  36040-0971

    /s/   John W. Dodson
OF COUNSEL