IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN | ) |
| Plaintiff, | ) |
| v. | ) 2:05-cv-00783-SRW |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, INC., ET AL., | ) |
| Defendants. | ) |

## RESPONSE TO SHOW CAUSE ORDER
## AND
## DEFENDANT PALAMAR INSURANCE' MOTION TO DISMISS
## AND
## DEFENDANT GODWIN MATERIAL'S MOTION TO DISMISS

COMES NOW, the Plaintiff in the above styled cause and submits his consolidated response to Defendant Palomar Insurance' Motion to Dismiss and Defendant Godwin Materials Motion to Dismiss as follows:

1.   Defendant Palomar Insurance.

Plaintiff concedes that the Defendant Palomar Insurance being the selling agent of the National Union Fire Insurance policy with no obligation to make payment under the policy is due to be dismissed without prejudice.

2.   Defendant Godwin Materials.

Godwin Materials is the insured under the contract of insurance with National Union Fire Insurance. Plaintiff, Ollie Godwin, did not contract for this insurance individually, but instead was covered by virtue of his employment with Godwin Materials as an independent contractor truck driver. (Complaint ¶¶ 8 and 9).

1

The Complaint alleges that defendant Godwin Materials "knew that there was no legitimate, arguable or debatable reason for denying" the plaintiffs claims. (Complaint ¶ 25). The lawsuit arises from injuries that occurred while the plaintiff was under dispatch of Godwin Materials and Godwin Materials is in a position to communicate directly with the insurance company as to whether the Plaintiff's claims were occupational related and thereby covered under the policy of insurance.

In order to sufficiently allege a cause of action for breach of contract and bad faith plaintiff will have to prove that there was a valid contract between himself and the insurer. In this case, Godwin Materials is the conduit between plaintiff and National Union.

Further; in order to prove a bad faith failure to pay, plaintiff must show that there was an intentional refusal to pay his claim, the absence of any reasonably legitimate or arguable reason for the refusal, and the insurer's actual knowledge of the absence of any legitimate or arguable reason for that refusal.

Godwin Materials, so far as the plaintiff has alleged, participated in the procurement of the insurance and the payment of claims. Plaintiff may find that Godwin Materials in conjunction with the insurer found that the injuries sustained by the plaintiff were not occupationally related. (Complaint ¶¶ 26-27).

Therefore, it can not be stated that that there is "no possibility" of a valid cause of action stated against Godwin Materials. In Owens this court stated:

> "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

2

> Moreover the defendant bears the burden of proving fraudulent joinder. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a "heavy one." It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. See id. If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). n8 In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish any cause of action against the resident defendant." See Cabalceta v. Standard Fruit Co., 883 F.2d 1553,1561 (11th Cir. 1989).

Owens v. Life Ins. Co., 289 F. Supp. 2d 1319, 1324 (D. Ala. 2003).

It is simply too early to tell whether Godwin Materials actually committed any culpable conduct which would subject it to liability. Godwin Materials may have, as the complaint alleges, been a joint tortfeasor, especially, as it relates to whether or not the injuries were occupationally related.

**Wherefore**, for the foregoing reasons Defendant Godwin Materials Motion to dismiss should be DENIED.

Respectfully submitted this the 12th day of September, 2005.

        **s/Arlene M. Richardson**
        Bar Number ASB 9452-I60A
        Attorney for the Plaintiff
        **Richardson Legal Center, L.L.C.**
        P.O. Box 971
        Hayneville, Alabama 36040
        Telephone: (334) 548-5660
        Fax: (334) 548-5661
        E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12 day of September 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michelle L. Crunk | mlc@ffdlaw.com |
| John W. Dodson | jwd@ffdlaw.com, amj@ffdlaw.com |

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

      NONE

                                    **s/Arlene M. Richardson**
                                    Bar Number ASB 9452-I60A
                                    Attorney for the Plaintiff
                                    **Richardson Legal Center, L.L.C.**
                                    P.O. Box 971
                                    Hayneville, Alabama 36040
                                    Telephone: (334) 548-5660
                                    Fax: (334) 548-5661
                                    E-mail: arlawyer@htcnet.net