IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:05cv783W |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, INC., | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR REMAND TO STATE COURT

COMES NOW the Plaintiff and moves this honorable court to Remand the instant case to the Crenshaw County Circuit Court and in support thereof states as follows:

1. The Defendants removed this case on the basis of diversity of citizenship of Defendant National Union Fire Insurance Company of Pittsburgh, Inc. (hereinafter referred to as "National") and alleged fraudulent joinder of Palomar Ins. and Godwin Materials. However, even if National was the only defendant in this suit there would still be no diversity. Because the diversity Statute provides an exception to the general rule specifically designed for situations like the one Plaintiff, Ollie Godwin, finds him self in.

28 USCA Section 1332 (c) (1) provides:

> (c) For the purposes of this section and section 1441 of this title [28 USCS § 1441]-- (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that **in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,** as well as of any State by

which the insurer has been incorporated and of the State where it has its principal place of business;

28 USCS § 1332(emphasis added).

2. This case presents a "direct action" as contemplated by § 1332 (c). In a substantially similar case the Court found that a plaintiff suing under a workmen's compensation policy had a direct action against the insurer. The Hernandez Court found:

> That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated, or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.
>
> If this proviso applies to suits brought by a workman against his employer's workmen's compensation insurer, then Travelers in this suit must be deemed a citizen of Texas, and there is no diversity jurisdiction. If not, of course, Travelers must be deemed a citizen of Connecticut, and there is diversity jurisdiction.
>
> We have found no circuit court decision in point. The United States district court for the Eastern District of Tennessee, however, has twice considered the precise question at issue here, and both times has held that a suit by a workman against his employer's insurer was a "direct action against the insurer of a policy or contract of liability insurance" within the meaning of § 1332(c). Vines v. United States Fidelity & Guaranty Co., E.D. Tenn. 1967, 267 F. Supp. 436; Lane v. Insurance Company of North America, E.D. Tenn. 1967, 268 F. Supp. 345. In Vines, the court found first that a workman's compensation insurance policy was a "policy or contract of 'liability insurance'":
>
> The term "liability insurance" is applied to contracts which provide for indemnity against liability. Zieman v. United States Fidelity & Guaranty Co. of Baltimore, 214 Iowa 468, 238 N.W. 100. Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, Cushing v. Maryland Casualty Company, (C.A. 5, 1962) 198 F.2d

> 536, or in a broader sense, against loss or liability on account of injuries to property. State ex rel. Travelers Indemnity Company v. Knott, 114 Fla. 820, 153 So. 304, 155 So. 115. A policy of liability insurance is a policy that indemnifies against the condition of becoming liable. Graves v. National Mutual Casualty Company, 164 Kan. 267, 188 P.2d 945; Dunn v. Jones, 143 Kan. 218, 53 P.2d 918. 267 F. Supp. at 437.
>
> The Vines court next found that a direct action against the insurer on the workmen's compensation policy, allowed by Tennessee's workmen's compensation law, was a "direct action" within the meaning of the 1964 amendment. The court therefore held that it had no jurisdiction over a suit precisely analogous to the case at bar.
>
> We agree with the reasoning of the Tennessee district court:
>
> Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured and without having first obtained a judgment against the insured, the insurer shall be deemed a citizen of the State of which the insured is a citizen as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business, for the purposes of determining whether diversity jurisdiction exists. Vines, 267 F. Supp. at 438-439. We agree, too, that a workman's compensation policy such as the one involved here is a "policy or contract of insurance" within the meaning of § 1332(c); and that an action such as this is a "direct action" within the meaning of that provision.

Hernandez v. Travelers Ins. Co., 489 F.2d 721, 722-723 (5th Cir.-OLD 1974).

    3.    Plaintiff's case in this instance is very similar to the workmen's compensation action in Hernandez because his employer Godwin Materials obtained the National policy which covered occupational accidents occurring while Godwin Material's independent contractor truck drivers were dispatched on company business. Plaintiff paid the monthly premiums on the insurance through his employer, Godwin

Materials, who withheld the premiums from his pay. (Complaint ¶¶ 6-9). Therefore Plaintiff has a direct action against the insurer, National, without the necessity of joining Godwin Materials the insured.

4. Under the facts alleged in this case, Godwin Materials destroys diversity jurisdiction so long as it remains a defendant in the case. If for some reason Godwin Materials is dismissed, National would be deemed a citizen of Alabama under the provision of 28 USCS 1332 (c) thereby destroying diversity. In short, this court does not have jurisdiction over this matter because the factual basis exempts it from the general rule and squarely places it under 1332§(c) exception.

**WHEREFORE**, plaintiff prays that this Court GRANT his Motion for Remand to State Court.

Respectfully submitted this the 12th day of September, 2005.

        s/Arlene M. Richardson
        Bar Number ASB 9452-I60A
        Attorney for the Plaintiff
        **Richardson Legal Center, L.L.C.**
        P.O. Box 971
        Hayneville, Alabama 36040
        Telephone: (334) 548-5660
        Fax: (334) 548-5661
        E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 12 day of September 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk       mlc@ffdlaw.com
John W. Dodson          jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

NONE

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (334) 548-5661
E-mail: arlawyer@htcnet.net