**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **OLLIE GODWIN,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CASE NO: 2:05-cv-00783-SRW** |
| ) | |
| **NATIONAL UNION FIRE INSURANCE** ) | From Circuit Court of Crenshaw County |
| **COMPANY OF PITTSBURGH, INC.,** ) | Case No: CV05-69 |
| **ET AL.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

## DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW the defendant, National Union Fire Insurance Company of Pittsburgh, PA. (hereinafter "National"), by and through counsel and responds to the plaintiff's Motion to Remand to State Court and in support thereof states as follows:

1.  This action is properly removed because it could have been filed in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and the properly joined defendant, National, and the direct action proviso established in 28 U.S.C. § 1332(c)(1) is not applicable.

2.  As conceded by the plaintiff, Palomar Insurance Corporation (hereinafter "Palomar") is due to be dismissed from this matter. See Response to Show Cause Order and Defendant Palomar Insurance's Motion to Dismiss and Defendant Godwin Material's Motion to Dismiss ¶ 1.

3.  Godwin Material Services, Inc. (hereinafter "Godwin Material") was fraudulently joined and is due to be dismissed because the plaintiff fails to state a cause of action against

Godwin Material upon which relief can be granted. The plaintiff, in his Response to Defendant Godwin Material's Motion to Dismiss, states:

> In order to sufficiently allege a cause of action for breach of contract and bad faith plaintiff will have to prove that there was a valid contract between himself and the insurer. In this case, Godwin Materials is the conduit between the plaintiff and National Union.
> Further, in order to prove a bad faith failure to pay, plaintiff must show that there was an intentional refusal to pay his claim, the absence of any reasonably legitimate or arguable reason for the refusal, and the insurer's actual knowledge of the absence of any legitimate or arguable reason for that refusal.

Response to Show Cause Order and Defendant Palomar Insurance's Motion to Dismiss and Defendant Godwin Material's Motion to Dismiss (hereinafter "Plaintiff's Response") ¶ 2. Though Godwin Material is the Policyholder, it need not be a party to this case in order for the plaintiff to proceed. There is no requirement in the Policy to which the plaintiff is an Insured Person mandating that Godwin Material be a party to any enforcement action. Simply put, the plaintiff has no claim against Godwin Material. Were Godwin Material a necessary party or "conduit," it should be aligned as a plaintiff, and not a defendant, as there is no and can be no breach of contract or bad faith by Godwin Material under the facts of this case. Godwin Material was fraudulently joined and is due to be dismissed as a party to this action.

The plaintiff correctly noted that "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Plaintiff's Response ¶ 2 quoting Owens v. Life Insurance Co. of Georgia, 289 F.Supp.2d 1319, 1324 (M.D. Ala. 2003) (internal citations omitted). However, the plaintiff **must** have the possibility of stating a valid cause of action **against Godwin Material** in order for the joinder to be legitimate. The plaintiff cannot maintain an action for breach of contract or bad faith **against Godwin Material** because there is no contract **between the plaintiff and Godwin Material**. As stated in the Notice of Removal and

2

in Godwin's Motion to Dismiss, a valid contract **between** parties is a requisite element of both a breach of contract claim and a claim for bad faith.

> The existence of a contractual relationship is a prerequisite to maintaining a claim for breach of contract or bad faith. See Employees' Benefit Ass'n v. Grissett, 732 So. 2d 968, 975 (Ala. 1998) (holding under Alabama law, in order to establish a breach of contract, a plaintiff must prove: (1) **the existence of a valid contract binding the parties in the action;** (2) his own performance under the contract; (3) the defendant's non performance; and (4) damages.) (emphasis added); State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 304 (Ala. 1999) (holding under Alabama law, in order to establish a claim for bad faith, a plaintiff must **prove an insurance contract between the parties and a breach thereof by the defendant;** (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for that refusal; (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason) (emphasis added).

Godwin Material Services, Inc.'s Motion to Dismiss ¶ 4. There is no contract binding the plaintiff and Godwin Material because there is no contract **between** the plaintiff and Godwin Material. There is a contract between Godwin Material and National. There is a contract between the plaintiff and National. But there is no contract between the plaintiff and Godwin Material. Without such a contract, no action for bad faith or breach of contract can be maintained against Godwin Material. When no action can be maintained, joinder is fraudulent. See Owens.

    4.    The plaintiff argues that "even if National was the only defendant in this suit there would still be no diversity" by virtue of the direct action proviso in 28 U.S.C. § 1332(c) which provides:

> (c) For the purposes of this section and section 1441 of this title--
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen**, as well as of any State by which the insurer has been incorporated and of the State where it has its principal

place of business;

28 U.S.C. § 1332(c)(1) (emphasis added).  The proviso does not apply because this action does not constitute a direct action and the Policy is not a liability insurance policy.

The Eleventh Circuit, like other courts, has determined that actions grounded in bad faith are not direct actions for the purposes of § 1332.[1]  In Fortson v. St. Paul Fire and Marine Insurance Co., 751 F.2d 1157 (11th Cir. 1985), the widower of a patient who died of complications in surgery brought an action against the malpractice insurer of the doctor who performed the surgery for failure to resolve the claim against the doctor in good faith.  The court held:

> That section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse.  See Hernandez v. Travelers Insurance Co., 489 F.2d 721, 723 (5th Cir.) (holding workers' compensation insurer deemed by section 1332(c) to be citizen of state of which insured is citizen in suit brought by insured's injured employee), cert. denied, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). But where the suit brought either by the insured or an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction. Beckham v. Safeco Insurance Co., 691 F.2d 898, 901-02 (9th Cir.1982); Velez v. Crown Life Insurance Co., 599 F.2d 471, 473 (1st Cir.1979).  We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.  Walker v. Firemans Fund Insurance Co., 260 F.Supp. 95, 96 (D.Mont. 1966).  See also Irvin v. Allstate Insurance Co., 436 F.Supp. 575, 577 (W.D.Okla. 1977) (holding action by insured against his own insurer under uninsured motorist provisions of policy not a "direct action" within section 1332(c) proviso); Bourget v. Government Employees Insurance Co., 313 F.Supp. 367, 371 (D.Conn. 1970) (holding action by judgment creditor of insured against insurer for bad faith failure to settle claim against insured not a "direct action" within section 1332(c) proviso), rev'd on other grounds, 456 F.2d 282 (2nd Cir. 1972).

---

[1] See also Kimball v. American National Fire Insurance Co., 755 F.Supp. 1465 (N.D. Cal. 1991) and Carpentino v. Transport Insurance Co., 609 F.Supp. 556 (D.C. Conn. 1985).

4

Id. at 1159 and John Cooper Produce, Inc. v. Paxton National Insurance Co., 774 F.2d 433 (11th Cir. 1985) (quoting with favor the Fortson opinion).

The plaintiff attempts to liken the Policy at issue to a worker's compensation policy so as to make the opinion Hernandez v. Travelers Insurance Co., 489 F.2d 721 (5th Cir. 1974) controlling. However, unlike a worker's compensation policy, the Policy at issue is not a liability policy. In Mutual Benefit Health & Benefit Ass'n of Omaha v. Bullard, 270 Ala. 558, 120 So. 2d 714 (1960), the Alabama Supreme Court distinguished a group accident insurance policy (similar to the Policy) from a worker's compensation policy.

> If the policy insured part of the employer's liability, as appellant insists it does, then it does what workmen's compensation insurance does and is workmen's compensation insurance. But the policy recites that it is not that kind of insurance and appellant concedes it is not. Then it cannot do what appellant argues that it does, and the conclusion must be that it was not intended for the benefit of the employer but was for the benefit of the insured group, of which the plaintiff was a member.
> We do not think it will be contended that the employer had an insurable interest in an accidental injury to an employee except as the employer might have a liability arising from such injury. The contracting parties must have had this fact in mind. The contract recites that it is not workmen's compensation insurance and that can mean only that it is not insurance against the employer's liability for accidental injury to his employees.

Id. at 567, 723.

Like the policy in Mutual Benefit, the Policy indicates it is not a worker's compensation policy:

**IMPORTANT NOTICE**

**THIS IS NOT A WORKERS' COMPENSATION POLICY AND IS NOT A SUBSTITUTE FOR WORKERS' COMPENSATION COVERAGE.**

Policy, p. 1. Because the Policy provides benefits to Insured Persons like the plaintiff upon disability and/or death but does not provide any insurance against any liability an Insured Person

5

may have against Godwin Material, the Policyholder, it is not a liability insurance policy.[2] For the § 1332 proviso to apply, the Policy made the basis of the suit must be a "policy or contract of liability insurance." 28 U.S.C. § 1332(c)(1). Furthermore, the § 1332 proviso is inapplicable in action when an insured is suing his own insurer, such as here. See, e.g., 77 C.J.S. *Removal of Causes* § 91; 36 C.J.S. *Federal Courts* § 149 and 32A AM. JUR. 2D *Federal Courts* § 827. Thus, the proviso is inapplicable and National cannot be considered a citizen of Alabama for the purposes of determining diversity jurisdiction.

WHEREFORE, premises considered, National prays this Honorable Court will dismiss Palomar and Godwin Material with prejudice and deny the plaintiff's Motion for Remand to State Court.

Respectfully submitted,

 /s/  John W. Dodson
John W. Dodson (DOD 012)
Michelle L. Crunk (CRU 017)
Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc., Palomar Insurance Corporation, and Godwin Material Services, Inc.

OF COUNSEL:
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

---

[2] Other courts that have considered the applicability of the direct action proviso to similar accident policies are in accord. See Shiffler v. Equitable Life Assurance Society, 838 F.2d 78 (3rd Cir. 1988) (Diversity jurisdiction existed with respsect to Pennsylvania resident's action against New York insurer despite claim that the insurer took the residency of the decedent's employer which provided the employee benefit plan under which the insurance for accident death benefits was issued.); Spooner v. Paul Revere Life Insurance Co., 578 F.Supp 369 (E.D. Mich. 1984) (Direct action proviso did not require defendant insurer be considered Michigan citizen for purposes of action brought by Michigan employee alleging that insurer failed to pay benefits under terms of disability policy issued through employee's employer, also a Michigan citizen.); and Kosmyna v. Bankers Life & Casualty Co., 550 F.Supp 142 (E.D. Mich 1982) ("Under the terms of a disability income policy, the insured is not the employer, but the employee. The insured, contrary to the assertion in Tyson [an earlier case essentially overruled by Kosmyna and Spooner], is not protected against incurring liability to others. The insured employee is merely protected against loss of income.")

**CERTIFICATE OF SERVICE**

  This is to certify that on this the 23rd day of September, 2005 a copy of the foregoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
P.O. Box 971
Hayneville, Alabama 36040-0971

            /s/ John W. Dodson
            OF COUNSEL