IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV783-SRW |
| | ) |
| PALOMAR INSURANCE | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Ollie Godwin commenced this action in the Circuit Court of Crenshaw County, Alabama, asserting claims of bad faith and breach of contract against defendants Palomar Insurance Corporation ("Palomar"), Godwin Material Services, Inc. ("Godwin, Inc."), and National Union Fire Insurance Company of Pittsburg, PA ("National"). Defendants removed the action to this court, asserting that Palomar and Godwin, Inc. – both Alabama corporations – are fraudulently joined and that this court has diversity jurisdiction.[1] This action is presently before the court on plaintiff's motion to remand (Doc. # 9). Upon consideration of the motion, the court concludes that it is due to be denied.

## DISCUSSION

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996). However,

---

[1] Plaintiff also sues fictitious defendants. The citizenship of fictitious defendants is not considered for purposes of removal on the basis of diversity. 28 U.S.C. § 1441(a).

federal courts are courts of limited jurisdiction. Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. In "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994).

Plaintiff is an Alabama citizen. (Complaint, ¶ 1). Whether this court has diversity jurisdiction turns on two issues: (1) whether Palomar and Godwin, Inc. are fraudulently joined; and (2) whether plaintiff's cause of action against National (the only diverse defendant) is a "direct action" such that National is deemed a citizen of Alabama pursuant to 28 U.S.C. § 1332(c)(1).[2]

## Fraudulent Joinder

National may demonstrate fraudulent joinder by showing that: (1) there is no possibility that the plaintiff can prove a cause of action against the resident defendants; (2) there has been outright fraud in the pleading of jurisdictional facts; or (3) the claim against the nondiverse defendants has no real connection to the claims against the National. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(citations omitted). In the present case, National does not allege "outright fraud" in the pleading of jurisdictional

---

[2] Plaintiff does not contend that the amount in controversy is not satisfied. Since plaintiff asserts a bad faith claim and seeks $59,581.44 in compensatory damages and unspecified punitive damages, it is apparent from the face of the complaint that the amount in controversy is sufficient to sustain diversity jurisdiction.

facts or that the claims against Palomar and Godwin, Inc. have no connection with the claims against the non-diverse defendant.  Rather, National argues that there is no possibility that plaintiff can prove his claims against the resident defendants.

The burden of the removing party is a "heavy one."  <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981).   "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate."  <u>Triggs</u>, *supra*, 154 F.3d at 1287.

The Eleventh Circuit has endorsed a "summary judgment-like procedure for disposing of fraudulent joinder claims." <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir.1989).   However, "[t]he jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiff's claims in this action are both based on  an occupational accident insurance policy – policy number TRK 9056434 – issued by defendant National to defendant Godwin, Inc. to insure its truck drivers.  (Complaint, ¶ 6).  Plaintiff claims that defendants breached this contract of insurance by failing to pay his claims fully (Count II) and that their failure to pay under the policy was in bad faith (Count I).

Plaintiff concedes that defendant Palomar, as the selling agent, had no obligation to make payment under the policy and is due to be dismissed.  (Doc. # 8; <u>see also</u> Complaint, ¶¶ 2, 6).  Palomar was not a party to the contract of insurance.  (<u>See</u> insurance policy, Exhibit

3

A to Doc. # 4).[3]  Since it was not a party to the contract, Palomar is not a proper defendant as to plaintiff's breach of contract claim or his bad faith claim. <u>Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.</u>, 551 So.2d 283, 285 (Ala. 1989).  The court concludes that there is no possibility that plaintiff can establish his claims against Palomar and, thus, that Palomar is fraudulently joined.

Godwin, Inc., plaintiff's employer, purchased the policy under which plaintiff is insured and is the policyholder.  (Complaint, ¶¶ 4, 6, 8, 9; insurance policy).   However, Godwin, Inc. is not the insurer and has no obligation to the plaintiff arising from the terms of the contract of insurance.   As defendant argues, the insurance contract is not between Godwin, Inc. and the plaintiff.  Thus, Godwin, Inc. cannot breach that contract as to the plaintiff and cannot be liable for bad faith failure to pay under the terms of that contract. <u>Cf. Southern Medical Health Systems, Inc. v. Vaughn</u>, 669 So.2d 98 (Ala. 1995)(breach of contract claim requires, *inter alia*, proof of "a valid contract *binding the parties in the action*" and proof of the defendant's nonperformance)(emphasis added); <u>National Insurance Association v. Sockwell</u>, 829 So.2d 111, 127 (Ala. 2002)(bad faith claim requires proof of an insurance contract between the parties and the defendant's breach of that contract).[4]

_____

[3] Plaintiff references the insurance policy as an exhibit to his complaint; however, it was not included in the state court documents filed with the notice of removal.  Defendants filed the policy with their motions to dismiss.

[4] Plaintiff argues that Godwin, Inc. was a "conduit" between plaintiff and National Union and that Godwin, Inc. was "in a position to communicate directly with the insurance company as to whether the Plaintiff's claims were occupational related and thereby covered under the policy of insurance."  Plaintiff further argues that it has alleged that Godwin, Inc. participated in the procurement of insurance and the payment of claims.  (Plaintiff's response to show cause order, Doc.

Accordingly, the court concludes that there is no possibility that plaintiff can prove his breach of contract or bad faith claim against defendant Godwin, Inc., and this defendant is also fraudulently joined.

### Direct Action

Plaintiff argues that, even if the citizenship of Palomar and Godwin, Inc. is not considered, this court nevertheless lacks jurisdiction because National is treated as a citizen of Alabama by operation of 28 U.S.C. § 1332(c)(1).  The statute provides that, for purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .*"  28 U.S.C. § 1332(c)(1)(emphasis added).   However, the direct action provision is inapplicable in this case.  First, the policy does not provide liability insurance.  See Gibbs v. Metropolitan Life Ins. Co., 278 F. Supp. 2d 1269, 1271-72 (M.D. Ala. 2003)(provision inapplicable where contract does not provide liability insurance).  Additionally, an action is not a direct action within the meaning of the statute "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the

---

# 8, p. 2).  Again, plaintiff asserts only breach of contract and bad faith claims.  The facts argued by plaintiff do not overcome the requirement that – as to Godwin, Inc. – plaintiff demonstrate the existence of a contract binding the parties.

insured." Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985).

Plaintiff *is* the insured in this case, and the causes of action he seeks to assert against

National clearly would not impose liability against the insured.  Further, " . . . where the suit

brought either by the insured or by an injured third party is based not on the primary liability

covered by the liability insurance policy but on the insurer's failure to settle within policy

limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity

jurisdiction." Id.; see also   Bowers v. Continental Insurance Company, 753 F.2d 1574, 1576

(11th Cir. 1985)("The general rule has always been that the direct action proviso does not

affect suits brought by an insured against his own insurer. . . . We are aware of no authority

to the contrary.").

Because the direct action provision is inapplicable in this case, there is complete

diversity of citizenship between the properly joined parties to this action.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiff's motion to remand (Doc. # 9) is DENIED.

It is further ORDERED that plaintiff's claims against defendants Palomar Insurance

Corporation and Godwin Material Services, Inc. are DISMISSED without prejudice, as these

defendants are fraudulently joined in this action.[5]

---

[5]  See Albert v. Smith's Food & Drug Centers, Inc., 356 F.3d 1242 (10th Cir. 2004)(District court erred in dismissing claims against fraudulently joined defendants with prejudice, because "[o]nce it determined that [defendants] were fraudulently joined, the district court had no jurisdiction to resolve the merits of the claims against them.").

It is further ORDERED that the Rule 12(b)(6) motions to dismiss filed by defendants

Palomar and Godwin (Docs. ## 4, 5) are DENIED as MOOT.

Done, this 3rd day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE