IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO: 2:05-cv-00783-SRW |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) From Circuit Court of Crenshaw |
| Co. | |
| COMPANY OF PITTSBURGH, INC., | ) Case No: CV05-69 |
| ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

### AFFIDAVIT OF STEPHANIE PINE

STATE OF Delaware    )
COUNTY OF New Castle    )

My name is Stephanie Pine. I am over the age of nineteen years and have personal knowledge of the facts set forth herein.

1. I am the claims examiner for Mr. Ollie Godwin's (hereinafter "Mr. Godwin") claims under Godwin Material Services, Inc.'s (hereinafter "Godwin Material") Truckers Occupational Accident Policies with AIG Life Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "NUFIC"). Mr. Godwin became an Insured on Godwin Material's policy in 1999. Godwin Material purchased its Occupational Accident coverage at issue through Palomar Insurance Corporation (hereinafter "Palomar"), an insurance broker.

2. As of May 1, 2003, Godwin Material's group occupational accident insurance

was issued by AIG Life Insurance Company (hereinafter "AIG Life"). (AIG Life Policy, attached hereto as Exhibit N)

3. On December 9, 2003, AIG Life received a call reporting a stomach injury to Mr. Godwin which occurred on November 22, 2003.

4. AIG Life received a Policyholder Loss Information Report completed by Ms. Jordan on December 10, 2003, regarding Mr. Godwin's injury which was forwarded through Palomar to AIG Life. The Policyholder Loss Information Report noted Mr. Godwin was not under dispatch at the time of the accident, and he was scheduled to be at home. (Policyholder Loss Information Report, attached hereto as Exhibit A)

5. Mr. Godwin signed on January 8, 2004, a Proof of Loss form received by AIG Life. (Claim Form, attached hereto as Exhibit B)

6. AIG Life informed Mr. Godwin through a letter dated February 27, 2004, that, under the terms of the Policy and according to the information received by AIG Life, the accident was considered non-occupational because Mr. Godwin was "not under dispatch nor was [his] truck loaded at the time of the accident." Thus, the benefit maximum was $7500.00 and that amount was paid to L.V. Stabler Hospital. (AIG Life Letter, attached hereto as Exhibit C)

7. On March 17, 2004, Mr. Jerry Godwin of Godwin Material sent a letter to Palomar mentioning Mr. Godwin had hit his stomach in October 2003 while under dispatch which was later received by AIG Life. (Godwin Material Letter, attached hereto as Exhibit D) Thereafter, Palomar sent additional claims forms to Mr. Godwin regarding this October incident.

8. On February 23, 2005, Mr. Godwin submitted another claim form regarding his 2003 injury. (Claim Form, attached hereto as Exhibit E) Yet, this claim form again describes the November 2003 injury, but mentions nothing about an October 2003 injury. Additionally, the "No" box was again filled in after the question: "Have you ever had this, or a similar condition, in the past?" (Exhibit E)

9. In May 2004, Godwin Material's occupational accident insurance was issued through NUFIC. (NUFIC Policy, attached hereto as Exhibit O)

10. On December 7, 2004, NUFIC received a phone call reporting the injury incurred by Mr. Godwin on October 27, 2004.

11. On January 6, 2005, and then again on January 10, 2005, NUFIC received from Palomar a Claim Form signed by Mr. Godwin on December 8, 2004, a Claim Form signed by Dr. Barrington on January 3, 2005, a Policyholder Loss Information Report signed by Ms. Cindy Jordan on December 8, 2004, and information regarding Mr. Godwin's earnings. (Faxes, attached hereto as Exhibit F and G)

12. On January 25, 2005, I sent a fax to Dr. Barrington requesting information regarding Mr. Godwin's claim for benefits. This fax requested the following information:

> Is the claimant's disability due to injuries he sustained on 10/27/2004? If no, please explain in detail.
> Is the claimant's disability due to a congenital and/or degenerative disease? If yes, please explain?
> Please submit medical records and office notes for the period 1/1/2004 to present.

(Barrington Fax, attached hereto as Exhibit H)

13. Dr. Barrington's office responded to my fax with notes and medical records indicating osteonecrosis of both femoral heads. (Pine Fax, attached hereto as Exhibit I)

14. I also spoke to Dr. Barrington on the phone about Mr. Godwin.

15. On February 19, 2005, I sent a letter to Mr. Godwin informing him he did not qualify for Temporary Total Disability and Accident Medical Expense benefits because, after corresponding with and talking to Dr. Barrington, his loss did not qualify as an occupational injury. (February 2005 NUFIC Letter, attached hereto as Exhibit J)

16. Dr. Barrington sent a letter to me on March 2, 2005, explaining he treated Mr. Godwin for avascular necrosis with collapse of the left hip. (Barrington Letter, attached hereto as Exhibit K)

17. After receiving Dr. Barrington's letter, I sent Mr. Godwin's claim to Dr. Lafleche for review. Dr. Lafleche informed me Mr. Godwin's hip problems did not result solely from the knee injury but also from the previously unknown condition of avsacular necrosis.

18. On May 3, 2005, I sent another letter to Mr. Godwin further explaining the reasons that Mr. Godwin's October 27, 2004 loss did not qualify for coverage. (May 2005 NUFIC Letter, attached hereto as Exhibit L)

19. On May 12, 2005, Ms. Arlene Richardson, counsel for Mr. Godwin, sent a letter to me demanding reconsideration of his claims of 2003 and 2004. (Richardson Letter, attached hereto as Exhibit M)

20. Although some payments were made by NUFIC with regard to his October

27, 2004 loss claim, these payments were made in error. NUFIC's position has always been and remains that the October 27, 2004 loss claim does not qualify for coverage.

21. The documents attached hereto are business records either prepared or received in the usual course of business, and procedures are in place to maintain their accuracy.

Further affiant saith not.

_Stephanie Pine_
Stephanie Pine


STATE OF __Delaware__   )
COUNTY OF __New Castle__ )

BEFORE ME, the undersigned Notary Public in and for said County and State, personally appeared Stephanie Pine, whose name is signed to the foregoing Affidavit, and who is known to me and who, being by me first duly sworn, on oath deposes and says that she has personal knowledge of the statements contained in the foregoing Affidavit and that they are true and correct.

SWORN TO and subscribed before me on this the __6__ day of __October__, 2006.

_Karen A M Linton_
NOTARY PUBLIC

My Commission Expires: __Feb 6, 2008__

KAREN A. M. LINTON
Notary Public - Delaware
My Comm. Expires Feb. 6, 2008

137475

