**AIG Claim Services, Inc.®**
*A&H Claims Department*
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**National Union Fire Insurance Company of Pittsburgh, Pa.**

May 03, 2005

Ollie Godwin
656 Ottis Faulk Drive
Honoraville, AL 36042

RE:  Policy Number:   **9056434**
     Member ID:        **R043430028**
     Claim Number:   **A-977302**
     Claimant:            **Same**
     Date of Loss:      **10/27/2004**

Dear Mr. Godwin:

We have received the attached letter dated March 2, 2205 from Dr. Barrington, and although it does not add anything new or additional, we did re-examine your claim in light of Dr. Barrington's comments.

As you know, your claim was denied for two reasons: 1) you did not incur an Injury, as defined by your policy; 2) your loss was caused in whole or in part by sickness or disease, and is therefore specifically excluded from coverage.

Dr. Barrington's letter does not indicate that you suffered an Injury. He does state that your underlying condition was aggravated by your work activity and his records note that you reported that your pain began after you twisted in getting out of your cab around October 27, 2004. This twisting in the course of routine activity is not a bodily injury caused by an accident. Dr. Barrington also concludes that this incident aggravated the underlying condition of avascular necrosis. The medical records document that significant avascular necrosis was present in both hips. The avascular necrosis appears to be the medical cause of the collapse of your hip joint and the pain that required an operation to replace your hip Certainly, this significant underlying disease was at least the partial cause of your loss.

As explained in our letter dated February 19, 2005, these facts cause us to conclude that your loss is not due to Injury, and was caused in whole or in part by sickness or disease.

A Member Company of
American International Group, Inc.

Unfortunately, upon reconsideration of your record, and considering Dr. Barrington's additional remarks, we find no reason to change our original decision.

Of course, we must respectfully request that you understand that we reserve all of our rights and defenses under the policy and the law, and none of our communications may be construed so as to waive any of those rights.

Sincerely,


Stephanie Pine
Claims Examiner



ALABAMA ORTHOPAEDIC SPECIALISTS, P.A.

THOMAS G. WELLS, M.D.
Orthopaedic Surgery and Arthroscopic Surgery
D.D. THORNBURY, M.D.
Foot & Ankle and Orthopaedic Surgery
EDWARD E. PALMER, JR., M.D.
Hand Surgery and Orthopaedic Surgery
STEVEN A. BARRINGTON, M.D.
Joint Replacement and Orthopaedic Surgery

CHARLES W. HARTZOG, JR., M.D.
Sports Medicine and Arthroscopic Surgery
G. DEXTER WALCOTT, JR., M.D.
Sports Medicine and Arthroscopic Surgery
MICHAEL E. DAVIS, M.D.
Spine Surgery and Orthopaedic Surgery
RONALD P. O'NEAL, MPH, CHE
Administrator
W. SCOTT GULLEY, CPA
Controller

Marcy 2, 2005

AIG
Stephanie Pine
P.O. Box 15701
Wilmington, DE 19850-5701

Re: Ollie Robert Godwin
Chart #: 84328

Dear Ms. Pine:

As you know we have treated Mr. Godwin for avascular necrosis with collapse of his left hip. He related to me that he injured it when he was stepping out of his truck back in November and has had basically increased pain in that left side since then. Probably he had an aggravation of a previously unknown underlying condition, which was the avascular necrosis. The injury probably caused him to collapse it and therefore have the pain that resulted in his need for the hip replacement operation.

If you need any further clarification, do not hesitate to contact my office.

Sincerely,

Steven A. Barrington, M.D.

SAB/aw