**ATTORNEYS AT LAW**
**RICHARDSON LEGAL CENTER, L.L.C.**

May 12, 2005

RECEIVED
MAY 13 2005
A&H CLAIMS
AIGCS

AIG Claim Services, Inc.
Stephanie Pine, Claims Examiner
A & H Claims Department
P.O. Box 15701
Wilmington, DE 19850-5701

Re: Claimant: Ollie Godwin
656 Ottis Faulk Dr.
Honoraville, AL 36042
Policy: 9056434
Member ID: R043430028
Date Of Loss: 10/27/2004

AL
MAN

Dear Ms. Pine:

I have been retained by Ollie Godwin to dispute your decision of February 19, 2005 in which you deny his claim for the above referenced injury. We disagree with your decision that this injury is not work related and to quote Dr. Barrington, in his correspondence to you dated March 2, 2005, "The injury probably caused him to collapse it and therefore have the pain that resulted in his need for the hip replacement operation." Dr. Barrington also states in his medical notes dated 12-06-04, "I do think it appears that this is work related." It is undisputed that Mr. Godwin injured his knee on or about October 27, 2004 during the time that he was on dispatch for Godwin Materials which clearly indicates an occupational injury. As of this date, Mr. Godwin's expenses for treatment of his injury are still outstanding and he has not received any disability benefits pursuant to the policy's § IV titled Temporary Total Disability Benefit.

It is well settled law in Alabama that:

Insurance companies have a right to limit their liability and to write policies with narrow coverage. However, an insurance contract containing ambiguous language will be construed liberally in favor of the insured and strictly against the insurance company. Furthermore, provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on language used therein.

National Union Fire Ins. Co. v. Leeds, 530 So. 2d 205 (Ala., 1988)

Where there is any doubt or confusion as to the meaning of a term in an insurance policy, the general rule of contracts applies to the policy, so that the contract is interpreted against the party which drafted the contract. Any language of an insurance contract that is susceptible to more than one interpretation must be construed in favor of coverage for the insured.

United Servs. Auto. Ass'n v. Vogel, 733 So. 2d 401, (Ala. Civ. App., July 24, 1998)

> **Insurance contracts,** like other contracts, are not to be construed so technically as to defeat the intention of the parties, but are to be given a rational and practical construction. The court is not at liberty to make a new contract for the parties by a tortured construction. On the other hand, the rule is too well settled by the court's decisions to require citation of authority that where provisions of an insurance policy are **susceptible** of plural constructions, consistent with the object of the obligation, that construction will be adopted which is **favorable to the insured.**

Crossett v. St. Louis Fire & Marine Ins. Co., 289 Ala. 598, (Ala. 1972)

    Mr. Godwin also filed a claim with you in October/November of 2003 which your company classified as non-occupational and only paid a portion of medical expenses amounting to approximately $7,500.00 and no disability benefits. Mr. Godwin has a letter from Godwin Materials which states that he was under dispatch during the time of the injury. This particular injury was for hernia surgery for which there is special coverage under the Hernia Coverage Rider which became effective May 1, 2004 under AIG policy 9056434. As of this date, your company has not reconsidered your decision to pay that claim as non-occupational.

    **PLEASE SEE BELOW FOR ITEMIZED LIST OF DAMAGES FOR BOTH CLAIMS MADE BY MR. OLLIE GODWIN AS OF THE DATE OF THIS LETTER:** [1]

| | |
|---|---|
| Total outstanding charges for 10/03 injury:<br>Includes Disability benefits for 6 weeks period | $ 7,875.50 |
| Medical expenses to date on Oct. 04 injury:<br>Includes Disability benefits 11/04/04 to 05/14/04 | $ 51,705.94 |
| **TOTAL DAMAGES:** | $ 59,581.44 |

    Mr. Godwin is hereby demanding that AIG reconsider his claim number 106142402 in reference to his loss of November 22, 2003 and classify that claim as occupational and pay all damages due under the occupational classification. He is also requesting that you acknowledge and pay the above referenced claim dated October 27, 2004 as occupational classification. Mr. Godwin has assured me that he is willing to take advantage of all legal avenues available to him in regards to the above referenced claims. Please contact my office within 10 days of receipt of this demand in order to settle Mr. Godwin's claim of Oct/Nov-2003, begin settlement of Mr. Godwin's claim pursuant to his injury on or about October 2004, and to avoid further expense associated with legal action against you.

    Your prompt attention is required.

Yours truly,

*Arlene M. Richardson*
Arlene M. Richardson,
Attorney at Law

---

[1] Please note that Mr. Godwin's medical treatment, for injury sustained on October 27, 2004, is on going at this time and amounts shown for damages are outstanding charges through the date of this correspondence. Medical charges will accrue daily until such time as Mr. Godwin is released from all medical treatments.