IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, INC., and )<br>BLUE CROSS BLUE SHIELD OF ALABAMA, )<br>)<br>Defendant. ) | Case No.: 2:05-cv-00783-SRW<br>From Circuit Court Crenshaw Co.<br>Case No: CV-05-69 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, Ollie Godwin, by and through the undersigned attorney of record, and would show this Honorable court as follows:

### PARTIES

1. The Plaintiff, Ollie Godwin, is over the age of nineteen years and is a resident of Crenshaw County, Alabama. Hereafter referred to as Plaintiff.

2. Defendant, Palomar Insurance Corporation, is a duly licensed Corporation doing business in Alabama, with offices in Montgomery, Alabama, through its agents/agencies, including Crenshaw County. It is in the business of providing Alabama businesses with Occupational Accident insurance. Hereafter referred to as Defendant Palomar.

3. Defendant, AIG d/b/a National Union Insurance Company, is duly licensed with the Alabama Secretary of State as a corporation doing business in Alabama including Montgomery County and Crenshaw County, Alabama and is the corporation underwriter for the Palomar Occupational Accident policy that is made the basis of this complaint.

4. Defendant; Godwin Material Services Inc., a duly licensed Corporation doing business in Crenshaw County Alabama, is joined pursuant to Rule 19(a) of the *Alabama Rules of Civil Procedure* and is the owner of the insurance policy which is made the basis of this complaint. Hereafter referred to as Godwin Inc.

5. Blue Cross Blue Shield of Alabama is an independent licensee of the Blue Cross Blue Shield Association duly licensed in the State of Alabama and located at 450 Riverchase Parkway East, in Birmingham, Alabama and is in the business of providing health insurance to the citizens of the State of Alabama including the Plaintiff herein defined.

6. Defendants A, B, and C are underwriters for Defendant Palomar Insurance Corporation, employees, and/or agents of Palomar Insurance Corporation, doing business in Alabama, including Crenshaw County, Alabama and committed acts complained of herein and will be named and added appropriately when known.

## STATEMENT OF FACTS

7. Godwin Inc., purchased an Occupational Accident Insurance Policy from Palomar Insurance Corporation (hereinafter referred to as Palomar) to insure their truck drivers, including Plaintiff, Ollie Godwin. Policy number 9056434 is underwritten by AIG d/b/a National Union Insurance Company. (Hereinafter referred to as AIG/National)

8. The Policy became effective on May 01, 2003 and renewed on the anniversary date for years 2004 and 2005. The Occupational Policy was such that the policy would renew every year.

9. Plaintiff was a truck driver for Godwin Inc., and was insured under the terms of the aforementioned policy.

10. Plaintiff was paying premiums that were deducted by Godwin Inc., from his checks on a regular basis.

11. Said premiums were paid pursuant to the terms of the policy.

12. On or about October/November 2003 the Plaintiff suffered an occupational injury that resulted in the Plaintiff having surgery for hernia. Said Policy 9056434 has a special Hernia Coverage Rider and, pursuant to the policy terms, said injury should have been covered.

13. Plaintiff was under dispatch at the time of his injury and Godwin Inc., wrote to AIG/National and reported that the Plaintiff was under dispatch.

14. AIG/National ignored Godwin Inc., request and classified the Plaintiff's injury as non-occupational and did not pay his claim pursuant to the occupational classification under the policy.

15. Plaintiff on or about October 27, 2004 was again injured while on dispatch. Said injury to his knee and hip has resulted in collapse of his left hip which required surgery.

16. Again, AIG/National has refused to pay any of the Plaintiff's expenses relating to his injury of October 27, 2004 pursuant to the occupational accident Policy number 9056434.

17. The Defendants, as of the date of this complaint, have failed and/or refuse to compensate the Plaintiff pursuant to all terms of the policy.

18. The Defendants, as of May 01, 2005, have refused to renew/cover the Plaintiff under the policy.

19. That at all times complained of herein, the Plaintiff was covered under a Blue Cross Blue Shield health insurance policy with Contract Number XAA887493378 through his working relationship with Godwin Material Services, Inc.

20. That Blue Cross Blue Shield of Alabama has refused to pay any medical charges for the Plaintiff's treatment of injury complained of herein.

## COUNT I
## BAD FAITH
### AS TO AIG/NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC.

21. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

22. That on or about the October/November 2003 and October 27, 2004 the Plaintiff was injured in two separate accidents while he was on dispatch for Godwin Inc.

23. Plaintiff timely gave Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C notice of both injuries, pursuant to the terms under said policy, and made claims for benefits thereunder.

24. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C did pay some of the Plaintiff's expenses on his injury of October/November 2003, but they classified his injury as non-occupational whereby they would not be required to pay as much as if the injury had been classified as occupational.

25. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C have intentionally refused to pay any of the Plaintiff's expenses pertaining to his injury of October 27, 2004.

26. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C intentionally refused to pay the Plaintiff's claims pursuant to the terms of the policy via correspondence dated February 27, 2004 pertaining to his October/November 2003 injury and correspondence dated February 19, 2005 pertaining to the Plaintiff's October 27, 2004 injury and has denied the Plaintiff's claims without lawful justification.

27. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's refusal to pay said claims was not based upon any reasonably legitimate, arguable, or debatable reason.

28. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C knew that there was no legitimate, arguable or debatable reason for denying the claims, when Defendants refused to pay said claims.

29. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C intentionally failed to investigate the claim to determine whether or not there was any lawful basis for its refusal to pay said claim.

30. Defendant Palomar, AIG/National, Godwin, Inc., and Fictitious Defendants A, B, and C's determination that the Plaintiff's injury of October/November 2003 was a non-occupational injury and that the Plaintiff's October 27, 2004 injury was caused by an underlying medical condition and not occupational related are false and unsubstantiated.

31. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C acted in bad faith in refusing to pay Plaintiff's claims.

32. Plaintiff claims punitive damages of Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C.

33. Because of Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's refusal to pay, the Plaintiff has been damaged and caused to suffer in that he has had to bear all medical costs associated with his injuries, the Plaintiff was not paid his disability benefits due under the policy, and the Plaintiff has not, otherwise, been compensated pursuant to the terms of the policy for which he has been paying premiums.

## COUNT II
## BREACH OF CONTRACT
## AS TO AIG/NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC.

34. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

35. That on or about May 01, 2003 and May 01, 2004 Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C renewed the Plaintiff's Occupational Accident Policy which covered the Plaintiff in the event of occupational accidents.

36. That Policy Number 9056434, drafted by Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C and issued to Godwin Inc., and the Plaintiff, is a written contract of insurance between the Plaintiff and Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C in which they agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C would pay for losses pursuant to the terms of the contract/policy.

37. Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

38. Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C has failed and refused, and continues to fail and refuse, to fully perform their part of the contract/policy.

39. Due to Defendant Palomar, AIG/National, Godwin Inc., and Fictitious Defendants A, B, and C's failure to perform, the Plaintiff has been damaged and caused to suffer in that he has had to bear the cost of extensive medical treatment, was not paid his disability benefits due

him, has lost time from work which has caused him financial hardship, and he has not been otherwise compensated pursuant to the terms of the policy.

## COUNT III
## BREACH OF CONTRACT
## AS TO BLUE CROSS BLUE SHIELD OF ALABAMA, INC.

40. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

41. That at all times complained of herein, the Plaintiff was covered under a health insurance policy issued to Godwin Material Services, Inc., with contract number XAA887493378 which would cover the Plaintiff for medical expenses that were the result of non work related sickness or injuries.

42. That Contract Number XAA887493378 was drafted by Defendant Blue Cross Blue Shield of Alabama and issued to Godwin Inc., and the Plaintiff, has a written contract of insurance between the Plaintiff and Defendant Blue Cross Blue Shield of Alabama in which Blue Cross Blue Shield of Alabama agreed to certain stipulations and requirements of each party, i.e., Plaintiff would pay the monthly premiums and adhere to certain requirements in the event of a claim and Defendant Blue Cross Blue Shield of Alabama would pay for losses pursuant to the terms of the contract/policy.

43. Plaintiff has performed all of the stipulations, conditions, requirements, and agreements pursuant to the terms of the contract/policy.

44. Defendant Blue Cross Blue Shield of Alabama has failed and refused, and continues to fail and refuse, to fully perform their part of the contract/policy.

45. Due to Defendant Blue Cross Blue Shield of Alabama's failure to perform, the Plaintiff has been damaged and caused to suffer in that he has had to bear the cost of extensive

medical treatment, has lost time from work which has caused him financial hardship, and he has not been otherwise compensated pursuant to the terms of the policy;

COUNT IV
UNJUST ENRICHMENT
AS TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, INC. AND
BLUE CROSS BLUE SHIELD OF ALABAMA, INC.

46. Plaintiff repeats, realleges and incorporates by reference all of the preceding allegations of this Complaint, as if more fully set out herein.

47. That at all times herein complained of, the Plaintiff was covered under the insurance policies of National Union Fire Insurance Company of Pittsburg, Inc., and Blue Cross Blue Shield of Alabama.

48. That the Plaintiff paid all premiums timely and in the amounts as set by the prospective insurance companies;

49. That at the time of the Plaintiff's injury which resulted from a fall while he was getting out of his truck while on dispatch with Godwin Materials, Inc. The Plaintiff believed that National Union Fire Insurance Company of Pittsburg would be responsible to pay his medical bill regarding the injury because it was a work related injury;

50. When National Union Fire Insurance Company of Pittsburg denied the Plaintiff's claim as non-occupational disease, that his Blue Cross Blue Shield of Alabama health insurance policy should have paid for any medical injuries not work related;

51. The Defendants, National Union Fire Insurance Company of Pittsburg and Blue Cross Blue Shield of Alabama both hold money which in equity and good conscience belongs to the Plaintiff;

52. That the Defendants are holding the monies which should properly be paid to the Plaintiff's healthcare providers as agreed in the insurance companies prospective policies;

53. That for the Defendants, National Union Fire Insurance Company of Pittsburg and Blue Cross Blue Shield of Alabama, to keep the premiums that the Plaintiff paid for the insurance coverage and not make any payments to the Plaintiff's health care providers would be an unjust enrichment for both insurance companies and would require the Plaintiff to bear the burden of his own medical treatment plus pay the insurance premiums.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment, by a fair and impartial jury, against Defendant National Union Fire Insurance Company of Pittsburg Inc., and Blue Cross Blue Shield of Alabama for compensatory damages in the amount of the $59,581.44, plus pain and suffering and emotional distress in an amount to be determined by a jury, and a determination in equity as to the unjust enrichment by the Defendants, plus all costs associated with this legal action.

Respectfully submitted this __ day of _____ 2006.

                         **s/Arlene M. Richardson**
                         Bar Number ASB 9452-I60A
                         Attorney for the Plaintiff
                         **Richardson Legal Center, L.L.C.**
                         P.O. Box 971
                         Hayneville, Alabama 36040
                         Telephone: (334) 548-5660
                         Fax: (561) 228-1085
                         E-mail: arlawyer@htcnet.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23 day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Michelle L. Crunk     mlc@ffdlaw.com
    John W. Dodson       jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants: None

                         **s/Arlene M. Richardson**
                         Bar Number ASB 9452-I60A
                         Attorney for the Plaintiff
                         **Richardson Legal Center, L.L.C.**
                         P.O. Box 971
                         Hayneville, Alabama 36040
                         Telephone: (334) 548-5660
                         Fax: (561) 228-1085
                         E-mail: arlawyer@htcnet.net