IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:05-cv-00783-SRW |
| ) | From Circuit Court Crenshaw Co. |
| NATIONAL UNION FIRE INSURANCE ) | Case No: CV-05-69 |
| COMPANY OF PITTSBURGH, INC., et al., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS MOTION FOR LEAVE TO AMEND THE COMPLAINT

COMES NOW. the Plaintiff by and through his attorney of record and pursuant to Rule 15 of the *Fed. R. Civ. P.*, and hereby moves this Court for leave to amended his original complaint to add a party that is a Joinder needed for Just Adjudication, pursuant to Rule 19(a) of the *Fed. R. Civ. P.*, and in support of the Plaintiff would state as follows:

1. That the instant case was filed on July 12, 2005 in the Circuit Court of Crenshaw County;

2. That Defendant, National Union Fire Insurance Company of Pittsburg, Inc., filed for removal to the United States District Court for the Middle District of Alabama Northern Division on August 12, 2005;

3. That at the time of the filing of the instant complaint, the Plaintiff was covered under two separate insurance policies, i.e., the policy with National Union Fire Insurance Company of Pittsburg, Inc., a health insurance policy with Blue Cross Blue Shield of Alabama;

4. That at the time of the filing of the instant complaint, the Plaintiff was under the impression that his injury was work related as he was on dispatch for his company at the time he injured his knee;

5. That the National Union Fire Insurance Company policy covered all work related injuries and the Plaintiff promptly filed for compensation pursuant to said policy as he believed that his problem was caused from the knee injury that he received while on dispatch for his company;

6. That, after investigation, National Union Fire Insurance Company refused to pay the Plaintiff's claims stating that the injury was a disease and not work related;

7. That, at this point, Blue Cross Blue Shield of Alabama began to pay some of the Plaintiff's charges for medical treatment;

8. That National Union Fire Insurance Company did, on July 28, 2005 after the filing of the Plaintiff's complaint, pay a medical bill associated with the Plaintiff's injury;

9. That once Blue Cross Blue Shield of Alabama found out that National Union Fire Insurance Company paid on the Plaintiff's medical bill, Blue Cross Blue Shield of Alabama requested all prior payments on the Plaintiff's behalf to be refunded stating that the injuries were work related and not covered under the health insurance policy because work related injuries are excluded in the Blue Cross Blue Shield of Alabama health insurance policy;

10. That since that time, neither National Union Fire Insurance Company nor Blue Cross Blue Shield of Alabama have submitted any payments on behalf of the Plaintiff's treatment and all medical costs have been charged to the Plaintiff;

11. That since the filing of the Complaint, and pursuant to discovery, conflicting evidence has arisen that the Plaintiff's claim is either caused by a disease previously unknown to the Plaintiff and thus not covered by the terms and conditions under the National Union Fire Insurance Company policy, or the Plaintiff's claim is caused from the co-operation of a pre-existing disease and an accidental injury thereby resulting in possible coverage under the National Union Fire Insurance Company of Pittsburg policy;

12. That should the Plaintiff's claim be determined to be solely caused by disease, Blue Cross Blue Shield of Alabama would be liable to pay the Plaintiff's medical treatment under its policy of insurance;

12. That Blue Cross Blue Shield of Alabama continues to refuse to pay the Plaintiff's medical charges pursuant to the health insurance coverage under his policy with Blue Cross Blue Shield;

13. That without joinder of Blue Cross Blue Shield of Alabama, complete relief cannot be accorded among those already parties and the Plaintiff cannot have complete adjudication of his claims;

14. That Council for the Plaintiff has discussed the Amendment and Joinder of Blue Cross Blue Shield of Alabama with National Union Fire Insurance Company's Council and the Defendant is in agreement that Blue Cross Blue Shield of Alabama should be joined as a defendant in the instant action.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays that this Honorable Court grant him leave to amend his complaint and add Blue Cross Blue Shield of Alabama in his effort to seek complete and just adjudication of all his claims.

Respectfully submitted this 23rd day of October, 2006.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk        mlc@ffdlaw.com
John W. Dodson           jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:  NONE

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net