IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN,                )  |  |
|             )  |  |
|     Plaintiff,                    )  |  |
|             )  |  |
|     v.                             )  | CIVIL ACTION NO. 2:05CV783-SRW |
|             )  |  |
| PALOMAR INSURANCE   )  |  |
| CORPORATION, et al.,     )  |  |
|             )  |  |
|     Defendants.               )  |  |

**ORDER**

This action is presently before the court on plaintiff's motion to remand, filed on October 25, 2006. Plaintiff contends that his proposed amendment to his complaint adds a non-diverse defendant, thereby destroying subject matter jurisdiction in this court. Plaintiff seeks to add claims against Blue Cross Blue Shield of Alabama. In the proposed amendment, plaintiff alleges that Blue Cross Blue Shield of Alabama "is an independent licensee of the Blue Cross Blue Shield Association duly licensed in the State of Alabama and located at 450 Riverchase Parkway East, in Birmingham, Alabama and is in the business of providing health insurance to the citizens of the State of Alabama including the Plaintiff." (Proposed amendment, ¶ 3).

28 U.S.C. § 1332 provides that, for purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated

and of the State where it has its principal place of business."[1]  Plaintiff's proposed amendment does not clearly indicate that Blue Cross Blue Shield of Alabama is incorporated in Alabama, or that its principal place of business is within this state.  Accordingly, it is

ORDERED that plaintiff is DIRECTED to file, on or before November 3, 2006, a statement indicating the state(s) of incorporation of proposed defendant Blue Cross Blue Shield of Alabama, and the state of its principal place of business.  Defendant National Union is DIRECTED to respond to plaintiff's statement on or before November 10, 2006, and must indicate: (1) whether or not it concurs with plaintiff's statement concerning the citizenship of Blue Cross Blue Shield of Alabama; and (2) whether it opposes remand.

DONE, this 27th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] For the reasons stated in this court's earlier order on plaintiff's first motion to remand, the "direct action" provision is inapplicable.