IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, INC., )<br>ET AL., )<br>)<br>Defendants. ) | 2:05-cv-00783-SRW |

### RESPONSE TO DEFENDANTS MOTION TO STRIKE

**COMES NOW** the Plaintiff and responds to defendants Motion to Strike the exhibits attached to his Response to Summary Judgment as follows:

1. The Defendant has moved this Court to strike Plaintiff's exhibits because they are "unauthenticated, and not placed in proper evidentiary form as would be admissible." The United States Supreme Court addressed this issue previously and it is now well settled that a nonmoving party is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment.

> Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file. Such a motion, whether or not accompanied by affidavits, will be made and supported as provided in this rule, and Fed. R. Civ. P. 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. **The court does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.**

1

Celotex Corp. v. Catrett, 477 U.S. 317 (U.S. 1986)( Emphasis added).

2. Furthermore, the evidence submitted by Plaintiff is not inadmissible hearsay. Exhibits 2, 5 and 18 are commission reports kept in the ordinary course of business by Godwin Materials, Inc. and Ollie Godwin who is an independent contractor. The reports are made in order to track payment to independent truck drivers for each load delivered. They are clearly within the hearsay exception of Rule 803(6) *Federal Rules of Evidence* and will be admissible at trial upon certification of the custodian or a proper foundation.

3. Exhibits 3, 4, 13, 14, 15 and 21are business records of regularly conducted activity and medical diagnosis. They are exceptions to the hearsay rule under Federal Rules of Evidence 803(4) and (6) and will be admissible at trial upon certification or a proper foundation.

4. Exhibit 8, is correspondence between Palomar Insurance agent Suzanne Adger and Godwin Materials. It is a business record exclusion under rule 803(6) FRE or can be authenticated by the Palamar Agent who produced the document pursuant to a Subpoena.

5. Exhibit 19 is e-mail correspondence between the defendant and their agent Palomar Ins. It is an admission under FRE 801(d)(2) and can also be offered to show notice or knowledge which is not hearsay because it is not being offered to prove the truth of the matter it contains.

6. The Affidavit of Ollie Godwin is admissible and does not contain hearsay. All of the statements contained in the affidavit are based upon personal knowledge. If any of the statements were hearsay, only those portions containing hearsay should be stricken and not the entire Affidavit. The rule is settled that the Court can only disregard the inadmissible portions of an Affidavit. FED. RULES OF CIVIL PROCEDURE Rule 56(e) Second Edition Practice Comments Subdivision (e) *citing* Liberty Lobby v. Anderson, 562 F. Supp. 201,203 (D.D.C. 1983).

The expiration date of the Notary is simply a clerical error (See attached Exhibit A). The Notary's expiration date is June 12, 2009. Therefore, the affidavit should not be stricken for this reason or in the alternative the affidavit should be substituted.

Furthermore, the Defendants suggest that the Affidavit of Ollie Godwin contradicts his deposition testimony. Godwin's deposition is not contradictory. He states in his affidavit that he "had made three deliveries" on the day of the injury this was verified by his commission report which paid for three loads that day. His deposition testimony states "seemed like the truck was loaded with pea gravel when the pipe blew out" when asked when the pipe blew he stated "Bringing it in, you know, fixing to take a load and haul it. We was taking a load off." (Defendants Reply Brief pg. 2). Thus the Affidavit is not an inconsistent statement, it simply explains details not requested in the deposition.

**WHEREFORE**, Plaintiff prays this Court DENY Defendant's Motion to Strike Plaintiff's exhibits.

Respectfully submitted this the 9th of November 2006.

> **s/Arlene M. Richardson**
> Bar Number ASB 9452-I60A
> Attorney for the Plaintiff
> **Richardson Legal Center, L.L.C.**
> P.O. Box 971
> Hayneville, Alabama 36040
> Telephone: (334) 548-5660
> Fax: (561) 228-1085
> E-mail: arlawyer@htcnet.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk        mlc@ffdlaw.com
John W. Dodson        jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

NONE

                            **s/Arlene M. Richardson**
                            Bar Number ASB 9452-I60A
                            Attorney for the Plaintiff
                            **Richardson Legal Center, L.L.C.**
                            P.O. Box 971
                            Hayneville, Alabama 36040
                            Telephone: (334) 548-5660
                            Fax: (561) 228-1085
                            E-mail: arlawyer@htcnet.net