**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| OLLIE GODWIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO: 2:05-cv-00783-SRW |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, INC., | ) |
| *ET AL.*, | ) |
| | ) ORAL ARGUMENT REQUESTED |
| DEFENDANTS. | ) |
| | ) |

**CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND MOTION TO REMAND**

COMES NOW the defendant, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "NUFIC"), and hereby responds to the plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand[1] as follows:

**INTRODUCTION**

1. Ollie Godwin (hereinafter "the plaintiff") seeks leave to amend his complaint to add a non-diverse defendant – Blue Cross Blue Shield of Alabama (hereinafter "Blue Cross"). Contemporaneously, the plaintiff seeks to remand the case based upon the destruction of diversity by the addition of Blue Cross as a defendant. Additionally, it should be noted that these motions are being filed more than a year after the initial removal of this case to this court on or about August 12, 2005.

2. Both statutory and case law support the denial of the Motion to Remand

---

[1] The plaintiff states that "Defendant is in agreement that Blue Cross Blue Shield of Alabama should be joined as a defendant in the instant action." (Plaintiff Resubmits his Motion for Leave to Amend the Complaint, ¶14) However, NUFIC does not agree to the joinder of Blue Cross Blue Shield of Alabama (hereinafter "Blue Cross").

and Motion for Leave to Amend the Complaint.

**THE *HENSGENS* FACTORS SUPPORT THE DENIAL OF THE MOTION FOR LEAVE TO AMEND THE COMPLAINT AND THE MOTION FOR REMAND**

3.      The United States Code states as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  In making this determination, the court should examine the following "*Hensgens*" factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.  Jerido v. Am. Gen. Life and Accident Ins. Co., 127 F. Supp. 2d 1322 (M.D. Ala. 2001).  See also Smith v. White Consolidated Industries, Inc., 229 F. Supp. 2d 1275 (N.D. Ala. 2002) and Sexton v. G&K Servs., Inc., 51 F. Supp. 2d. 1311, 1312 (M.D. Ala.. 1999) citing Hengens v Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).

4.      Examination of the above factors mandates denial of Plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand.

**The Purpose of the Amendment is to Defeat Federal Jurisdiction.**

5.      The first "*Hensgens*" factor requires examination of the extent to which the purpose of the amendment is to defeat federal jurisdiction.  Several courts have held that when a plaintiff attempts to add a non-diverse party after the case is removed and the non-diverse party's identity was known or could have been ascertained at an earlier time, it strongly indicates that the purpose of the plaintiff's amendment is to defeat federal

2

jurisdiction.  Smith, 229 F. Supp. 2d at 1280.  See also Sexton, 51 F. Supp. 2d at 1312. Such is the case here.  The plaintiff admits in his Motion for Leave to Amend the Complaint that *at the time of filing of the instant complaint* [July 12, 2005], the Plaintiff was covered under two separate insurance policies, i.e., the policy with National Union Fire Insurance Company of Pittsburg, Inc., and a health insurance policy with Blue Cross Blue Shield of Alabama.  (Motion to Remand, ¶ 4 and Plaintiff Resubmits His Motion for Leave to Amend the Complaint, ¶ 3) (emphasis added).  Because the plaintiff has been aware of the identity of Blue Cross since the initial filing of this case in state court over a year ago, there is no reason not to believe the only reason for delay in adding Blue Cross to this litigation at this point is to defeat diversity jurisdiction before trial.  Porterfield v. Flowers Baking Co. of Opelika, LLC, 2006 U.S. Dist. LEXIS 28012, *11 (M.D. Ala. 2006) ("Where the amendment seeks to add nondiverse defendants, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were sought to be added for the purpose of keeping the case out of federal court.")  See also Smith, 229 F. Supp. 2d at 1280 (amendment sought nine months after removal indicative of amendment merely to destroy diversity).  That the Motion to Remand was filed simultaneously with the Motion for Leave to Amend the Complaint only lends further support to the notion that the motions were filed to defeat federal jurisdiction.  See Jerido, 127 F. Supp. 2d at 1325 ("In addition, the timing of the amendment, coming simultaneously with the Motion to Remand and after removal, also lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction.") Thus, the first "*Hensgens*" factor supports the denial of both of the plaintiff's pending

3

motions.

## The Plaintiff was Dilatory in Asking for the Amendment.

6. The second *"Hensgens"* factor requires a determination of whether the plaintiff has been dilatory in asking for the amendment. In this case, it is quite apparent that the plaintiff has been dilatory. First and foremost is the plaintiff's admission that he knew the identity of Blue Cross at the time he filed suit over a year ago. Additionally, there are other factors that indicate the plaintiff was dilatory in moving to amend his complaint.

7. First, the deadline to amend the pleadings in this case has long expired. The plaintiff's deadline to join additional parties and to amend the pleadings agreed upon by the parties in the Report of the Parties' Planning Meeting was November 21, 2005. In the Court's Uniform Scheduling Order of December 16, 2005, the court ordered that "[a]ny motions to amend the pleadings and to add parties shall be filed on or before March 1, 2006." Both of these deadlines long since passed prior to the plaintiff's Motion for Leave to Amend, which was not filed until October 2006. See Smith, 229 F. Supp. 2d at 1282 (plaintiff's delay in amending his complaint until 20 months after the accidents, eleven months after filing suit and ten months after removal was dilatory). In this case, the plaintiff failed to move to amend his complaint until fourteen months after removal and fifteen months after the filing of the suit.

8. Secondly, although the plaintiff admits he knew he was covered under Blue Cross insurance at the time of the filing of the original complaint, the plaintiff claims it was only through discovery that he determined it was necessary to join Blue Cross. (Motion to Remand, ¶5). Even if this is true, the plaintiff knew at least as early as

4

July 10, 2006, the date of the plaintiff's deposition, that Blue Cross had made and subsequently withdrawn payments related to the plaintiff's injury. It was the plaintiff's acknowledgment of this fact that necessitated the Joint Motion to Continue filed on July 15, 2006. Yet, it was over three months later and less than ten days before the discovery deadline that the plaintiff chose to move to amend his complaint and seek remand of this action which has proceeded in this court for over a year. Such tactics are certainly dilatory. See Porterfield, 2006 U.S. Dist. LEXIS 28012 at *9 ("A plaintiff who waits months to seek to amend the complaint to add a known nondiverse party can be found to have dilatory about seeking the amendment.") Thus, the above factor supports denying the Plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand.

**The Plaintiff will NOT be Significantly Injured if the Amendment is not Allowed.**

9.      The third "*Hensgens*" factor concerns whether the plaintiff will be significantly injured if the amendment is not allowed. "In analyzing this factor, this court generally determines whether a plaintiff can be afforded complete relief in the absence of the amendment." Jerido, 127 F. Supp. 2d at 1325. The plaintiff will not be injured, much less significantly injured, if his amendment is not allowed. The plaintiff's claims against NUFIC can be fully adjudicated without the presence of Blue Cross. That the plaintiff may also have claims against Blue Cross under a wholly separate policy does not affect the rights and responsibilities of the plaintiff and NUFIC under the Occupational Accident policies at issue in this case. See Smith, 229 F. Supp. 2d at 1282 (plaintiff's inability to show he would be unable to fully recover against remaining defendants without amendment of party indicated lack of prejudice to plaintiff).

10.     The plaintiff asserts that Blue Cross is a necessary defendant and must be

5

joined in order for him to receive complete adjudication. (Motion to Remand, ¶5). However, the plaintiff has not demonstrated how he will be unable to obtain full relief from NUFIC without the presence of Blue Cross. Just as in Sexton, "[n]o authority is cited in support of that contention [that the party sought to be added is a necessary party], because there is none." 51 F. Supp. 2d at 1314. Like the Sexton court pointed out in determining the party sought to be added was not a necessary party, Blue Cross is not a necessary party because the plaintiff can obtain a judgment against NUFIC without the presence of Blue Cross as a defendant. Id. Furthermore, as noted by the court in Sexton, if the plaintiff so chooses, he may pursue Blue Cross in state court. Id. That the plaintiff may have separate claims for benefits under another policy of insurance does not affect the plaintiff's ability to pursue his claims against NUFIC. See also Porterfield, 2006 U.S. Dist. LEXIS 28012 at *11 ("Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where the plaintiff has the option of filing suit in state court against the resident defendants.") Therefore, the third factor also supports denying the Plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand.

11.   The only issues before this Court are related to the availability of disability benefits under the NUFIC Occupational Accident Policies for two unrelated accidents. Plaintiff's claim against Blue Cross is for health benefits under a health insurance policy – a claim that is not directly tied to or dependent upon the outcome of Plaintiff's claims against NUFIC. Leave need not be granted to add Blue Cross for Plaintiff to recover fully against either NUFIC or Blue Cross.

**Equities Bear in Favor of the Defendant.**

12. The fourth and final *"Hensgens"* factor also supports the denial of the plaintiff's motions. It requires the consideration of any other factors that bear on the equities in the case. In the present case all other equities weigh in favor of NUFIC.

> In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity. Therefore, "the district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."

Sexton, 51 F. Supp. 2d at 1313 (internal citation omitted).

> Diversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form (sic). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

Smith, 229 F. Supp. 2d at 1282. NUFIC, as a non-diverse defendant in a case that has been litigated in federal court for a year, has the right to keep the litigation in this forum. Therefore, the fourth *"Hensgens"* factor, also supports the denial of the plaintiff's motion. Considering all of the *"Hensgens"* factors, it is clear that the plaintiff's motion for leave to amend his complaint and the plaintiff's motion to remand should be denied.

**THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND
HIS COMPLAINT IS UNTIMELY**

13. This Honorable Court's scheduling order, entered on December 16, 2005, addressed deadlines to amend pleadings and add parties as follows:

> **SECTION 4.** Any motions to amend the pleadings and to add parties shall be filed on or before March 1, 2006.

14. The plaintiffs' resubmitted motion for leave to amend the Complaint to add an additional party is untimely as it was not filed until on or about October 25, 2006, and the original motion for leave to amend the Complaint was not filed until October 23, 2006.

15. Fed. R. Civ. P. 16(b) requires the plaintiff to demonstrate "good cause" to amend his complaint.

16. The Court entered its scheduling order as required under Rule 16(b) in this matter on or about December 16, 2005. The scheduling order required all motions to amend the pleadings or to join additional parties be filed on or before March 1, 2006. Permitting the plaintiff to amend his complaint beyond the scheduling order is essentially a modification of the scheduling order which requires a showing of "good cause." F.R.C.P. 16(b) states as follows:

> A schedule shall not be modified *except upon a showing of good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

17. In <u>Anderson v. Board of School Comm'rs of Mobile County, AL</u>, 78 F. Supp. 2d 1266 (S.D. Ala. 1999). The court refused to grant leave to amend a complaint after the deadline in the scheduling order had passed for time to amend the pleadings. The court stated:

> [W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a). *See* <u>Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417, 1418 (11th Cir. 1998). Otherwise, scheduling order deadlines would be "meaningless" and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure.

8

Anderson, at 1268-69.

18.     Likewise, in Glidewell v. Town of Gantt, 176 F. Supp. 2d 1257 (M.D. Ala. 2001) the court denied the plaintiff's motion for leave to amend complaint as the amendment fell outside the time allowed by the scheduling order.

19.     It has been repeatedly held that the plaintiff must show "good cause" for amending his or her complaint after time prescribed by the court's scheduling order. *See* Sosa. Additionally, "[a] district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." Id. at 1418., *citing* Santiago v. Lykes Bros. Steamship Co., 986 F.2d 423, 427 (11th Cir. 1993).  The plaintiff cites no legal authority in support of his position to amend the pleadings to add an additional defendant after the time allowed for such amendments has expired.

20.     As discussed *supra*, the plaintiff admits that he was aware of Blue Cross's identity and of his health insurance Policy with Blue Cross at the time he filed his complaint.  Additionally, the plaintiff offers no just cause for his delay in moving to add Blue Cross as a party.

21.     Since there is no just cause for the plaintiff to amend his complaint, the plaintiff has failed to satisfy the initial requirement of showing "good cause" before being permitted leave to amend his complaint under F.R.C.P. 15(a).

22.     In addition to seeking to add an additional party in his motion for leave to amend the Complaint, the plaintiff also seeks to add an additional count for unjust enrichment against NUFIC.  However, as stated *supra*, the deadlines to amend pleadings has long since expired.

23.  Permitting the plaintiff to amend his complaint to add an additional claim

regarding unjust enrichment will prejudice this defendant as considerable discovery has already taken place in this case. The deposition of an employee of Godwin Materials and the deposition of the plaintiff have already been taken. Additionally, interrogatories and requests for production of documents have been propounded by the plaintiff and answered by NUFIC. Furthermore, NUFIC has also propounded paper discovery to which the plaintiff has responded, and the discovery deadline has expired.

24. Additionally, prior to the instigation of this litigation, the plaintiff was aware of the policies upon which he basis this additional claim as well as the identity of Blue Cross. Thus, the plaintiff had full knowledge of the facts upon which he basis this new claim at the time the original complaint was filed. As the plaintiff's motion for leave to amend his complaint is untimely and allowing such will prejudice NUFIC, the plaintiff's motions should be denied.

## CONCLUSION

25. In considering the factors necessary for determining whether the plaintiff's motion for leave to amend his complaint and his contemporaneous motion for remand should be granted, all factors indicate that the plaintiff's motions should be denied. Additionally, the motion for leave to amend the complaint is untimely, without just cause and will prejudice NUFIC.

WHEREFORE, premises considered, NUFIC respectfully objects to the plaintiff's resubmitted motion for leave to amend and his motion for remand and requests this Honorable Court to deny these motions of the plaintiff.

                                          Respectfully submitted,

                                          /s/ Michelle L. Crunk_____
                                          John W. Dodson       (DOD012)

        Michelle L .Crunk    (CRU017)
*Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc.*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of November, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
Post Office Box 971
Hayneville, Alabama  36040-0971

        /s/ Michelle L. Crunk_____
        OF COUNSEL

138572