IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO: 2:05-cv-00783-SRW |
| | ) |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, INC., | ) |
| ET AL., | ) |
| | ) ORAL ARGUMENT REQUESTED |
| DEFENDANTS. | ) |
| | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STRIKE**

COMES NOW the defendant, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "NUFIC"), and hereby replies to Plaintiff's Response to the previously filed Motion to Strike as follows:

1. Plaintiff correctly stated in his Response that :

   > [w]hen the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file. Such a motion, whether or not accompanied by affidavits, will be made and supported as provided in this rule, and FED. R. CIV. P. 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. The court does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.

   Celotex Corp. v. Catrett, 477 U.S. 317, 324 (U.S. 1986).

2. However, the Catrett court further stated

   > We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid

summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. ***Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves,*** and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

<u>Id.</u> (emphasis added).

3. Rule 56(c) lists the following materials: "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits ...." FED. R. CIV. P. 56(c).

4. All of the materials listed in Rule 56(c) have one thing in common – they are all sworn statements. None of the materials offered by the Plaintiff are sworn statements.

WHEREFORE, premises considered, NUFIC respectfully requests the Court to strike from the record the documents identified in the Motion to Strike.

Respectfully submitted,

<u>/s/ Michelle L. Crunk</u>
John W. Dodson         (DOD012)
Michelle L. Crunk       (CRU017)
*Attorneys for AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Inc.*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 - fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 20th day of November, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing:

Arlene M. Richardson
RICHARDSON LEGAL CENTER, LLC
Post Office Box 971
Hayneville, Alabama 36040-0971

/s/ Michelle L. Crunk
OF COUNSEL

139429