IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 2:05-cv-00783-SRW |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, INC., | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S CONSOLIDATED RESPONSE
TO MOTION TO AMEND AND MOTION TO REMAND**

**COMES NOW**, the Plaintiff by and through his attorney of record and submits his reply to Defendant's Consolidated Response to Plaintiff's Motion for Leave to Amend and Motion to Remand as follows:

1. The Plaintiff seeks leave to amend his complaint due to circumstances beyond his control which occurred after the scheduling order's cutoff for adding parties to the Complaint. When Plaintiff filed his complaint the defendant NUFI had not paid his medical bills or disability claims pursuant to the policy of insurance. Blue Cross Blue Shield of Alabama, Plaintiff's health insurance carrier, had paid the medical providers who performed plaintiff's hip replacement. On June 9, 2006 Godwin's attorney received correspondence from Blue Cross Blue Shield of Alabama (Exhibit 1) advising that they were pursuing a payment function under HIPPA. One month later on July 5, 2006 Blue Cross Blue Shield began requesting refunds from Godwin's medical providers. (Exhibit 2) All of this occurred after the scheduling order deadline for adding parties.

The Defendant's attorney, Michele Crunk, contacted Blue Cross Blue Shield of Alabama which prompted discussions between attorney Michael Velezis and plaintiff's attorney as to possible alternatives

1

to adding Blue Cross Blue Shield to the instant suit. (Exhibit 3) The plaintiff's attorney also discussed the joinder of Blue Cross with defendant's attorneys, and was of the belief that they agreed that Blue Cross should be joined. However, in a footnote, NUFIC states that they did not agree to joinder.

2.   Case law dictates that the Court is to use its discretion in balancing the defendants interest in maintaining federal jurisdiction while weighing the plaintiff's interest of not having parallel lawsuits.

3.   Plaintiff does not dispute that the Hensgens factors are applicable to this case.

4.   The application of the Hensgens factors does not "mandate" denial of plaintiff's Motion for Leave to Amend and Motion to Remand. It does however, require thoughtful consideration of the circumstances Plaintiff, Ollie Godwin, finds himself in.

### THE AMENDMENT IS NOT SOUGHT SOLELY TO DEFEAT FEDERAL JURISDICTION.

5.   While it is true that Plaintiff knew and plead in his Complaint that he was covered under a policy of insurance with Blue Cross Blue Shield of Alabama, at the time he filed his Complaint there was no cause to sue Blue Cross. Blue Cross had paid his medical providers and therefore Godwin's only cause of action was against NUFI. Plaintiff is not unsatisfied with this courts jurisdiction, but finds himself in a frightful position. He has for many years paid for two policies of insurance and neither of them has paid for his medical costs. Because of his unusual fact situation both insurance companies have denied coverage; NUFI because the accident was due to "sickness or disease" and Blue Cross because the accident occurred "while at work." Plaintiff doesn't care which court he litigates in so long as he does not have to incur the time and costs of bringing another suit arising out of the same injury and involving the same facts and circumstances.

### THE PLAINTIFF WAS **NOT** DILATORY IN ASKING FOR THE AMENDMENT.

6.   The Defendant's try to paint the plaintiff as a procrastinator by pointing out that he knew of the identity of Blue Cross when he filed the complaint. Knowing the identity of Blue Cross did not give the Plaintiff a cause of action against them. Plaintiff added fictitious parties to his complaint, originally

2

filed in State Court, to defend himself against unknown contingencies such as this one. It was not until July 2006, two months after the deadline for additional parties, that Blue Cross requested refunds of Godwin's medical providers. (Exhibit 3). For this reason, Plaintiff's counsel attempted to negotiate with Blue Cross hoping that it would not be necessary to add an additional party. When it became clear that Blue Cross was going to maintain their position; that the injury was excluded under their policy, Plaintiff had no choice but to move for leave to amend the complaint.

### THE PLAINTIFF WILL SUFFER INJURY IF THE AMENDMENT IS NOT ALLOWED.

7. The plaintiff's claims against Blue Cross arise out of the same injury to his hip. The operative fact as to whether his claim is work related or sickness related is a deciding factor under each of the policies. This case, at this juncture, involves principals of equity which would give the court an opportunity to grant relief to the plaintiff upon equitable principles. The amended complaint seeks an alternate theory of recovery in a claim for unjust enrichment. This claim would be applicable to both NUFIC and Blue Cross because when viewed independently it is possible that both NUFIC and Blue Cross policy exclusions could apply under Godwin's circumstances. The equitable relief Godwin seeks would allow him possible recovery if the Court agreed that the application of contract principles was inequitable and the result was unfair and unintentional under either insurance contract. Equity could find that Godwin should obtain the benefit of his health and/or occupational accident insurance in spite of the contract exclusions because otherwise both insurance companies unjustly benefit from the factual circumstances surrounding Godwin's injury. Equity could find that it is against public policy for Godwin to be left personally responsible for the payment of his medical bills after years of faithful payment of his premiums to both NUFIC and Blue Cross.

8. While it is possible that Godwin could sue Blue Cross separately, the factual issues are entwined to such an extent that it is extremely impractical and could result in significant injury to him. Blue Cross who has now been refunded all payments made to Godwin's doctors and hospital will wait on

3

the sidelines while plaintiff attempts to prove that his injury was work related. Judicial estoppel could then operate to bar plaintiff from attempting to prove that the injury was sickness related in a separate state court action.

> The United States Supreme Court in <u>New Hampshire v. Maine</u>, 532 U.S. 742, 149 L. Ed. 2d 968, 121 S. Ct. 1808 (2001), recently observed that "'the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle'" and then identified several factors as informative in determining the applicability of the doctrine of judicial estoppel. 532 U.S. at 750-51 (quoting <u>Allen v. Zurich Ins. Co.</u>, 667 F.2d 1162, 1166 (4th Cir. 1982)). The Court held that for judicial estoppel to apply (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) the party must have been successful in the prior proceeding so that "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled'" (quoting <u>Edwards v. Aetna Life Ins. Co.</u>, 690 F.2d 595, 599 (6th Cir. 1982)); and (3) the party seeking to assert an inconsistent position must "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." 532 U.S. at 750-51. No requirement of a showing of privity or reliance appears in the foregoing statement of factors to consider in determining the applicability of the doctrine of judicial estoppel.

<u>Ex parte First Ala. Bank</u>, 883 So. 2d 1236, 1244-1245 (Ala. 2003).

9.  Whether successful or not, Blue Cross could advance this defense in a later proceeding. Adding Blue Cross as a party to this suit avoids this predicament by allowing one court to consider all of the facts and equities and apply them appropriately to either or both defendants without prejudice to either defendant or the plaintiff.

10. In addition, the Plaintiff will be saddled with the expense of two lawsuits to recover for one injury.

11. The defendant is incorrect in its statement that the only issues before the court are the payment of disability benefits. Section IV page 12 of the NUFIC policy allows "Accidental Medical Expense Benefits" which would include the medical expenses relating to Godwin's hip surgery. (Exhibit 4). Payment of medical expenses was pled in the original complaint (although subject to subrogation) and is now dependent on the outcome of Godwin's case against NUFIC.

### THE EQUITIES BEAR IN FAVOR OF THE PLAINTIFF

12. The Plaintiff does not dispute a diverse Defendant's right to removal. In fact, in this case, the Defendants argued that hypothetically an award of punitive damages would exceed the $75,000.00 needed to meet the amount in controversy requirement since the Complaint only alleged $59,581.44 in compensatory damages. Clearly they prefer federal jurisdiction.

13. Now the Court should look to the equities of both the Plaintiff's and Defendants and decide whether the preference of the Defendants to the federal forum outweighs Godwin's preference to full adjudication of his claims in one proceeding. It is a discretionary decision for this Court to allow joinder of Blue Cross since this is not a case where Blue Cross is an indispensable party.

### UNTIMELINESS

14. The Plaintiff recognizes that his motion for leave to amend the complaint is well past the deadline to amend the pleadings as set out in this Court's scheduling order. As more fully discussed above, Plaintiff did not have a cause of action against Blue Cross until it requested refunds of payments made to Godwin's medical providers in July 2006. Plaintiff attempted to negotiate with Blue Cross instead of adding them to the suit. Finally, plaintiff felt it best to move the Court to add Blue Cross as a defendant as opposed to the added time and expense of a separate suit. Furthermore, from the plaintiff's perspective it seemed that the equitable issues raised now, but not available previously, were better served by having both defendants and all of the issues before one court.

15. Regrettably, the Plaintiff has not been able to produce previous case law to cite where similar facts have been at issue. Godwin finds himself in unusual and apparently uncharted legal territory.

It is for the Court to decide whether these facts amount to good cause and therefore allow an amendment of the pleadings.

16. The plaintiff added an additional equitable claim of unjust enrichment in his amended complaint because one possible outcome of this litigation is that the exclusion of his claim by both insurance companies is feasible. It is only equitable that if his claim is not covered under one policy it should be covered under the other. If his claim was excluded under the policies then his remedy at law is inadequate and he should be allowed to request equitable relief from the court. Additional discovery would not be necessary for the court to exercise its discretion in this event. Therefore, it is the Plaintiff who would suffer prejudice by not allowing the equitable cause of action.

## CONCLUSION

It is discretionary whether the court allows a non-diverse, non-indispensable party to be added to this proceeding. Sharp v. Kmart Corporation, 991 F. Supp. 519, 527 (M.D. La. 1998). That is a decision for the Court. Godwin only knows that it would be a travesty of justice if neither NUFIC nor Blue Cross were held accountable to pay the medical expenses for his hip replacement even though he had paid his premiums on both policies for numerous years. Since this is clearly one possible outcome he simply seeks to protect himself against that outcome in every possible way. Therefore, he requests that due consideration be given his circumstances before this Court renders a decision granting or denying his Motion to Amend and Motion to Remand.

Respectfully submitted this the 21st day of November 2006.

s/Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21 day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michelle L. Crunk     mlc@ffdlaw.com
John W. Dodson     jwd@ffdlaw.com, amj@ffdlaw.com

and I certify that I have hereby mailed by U.S. Postal Service the document to the following non CM/ECF participants:

NONE

**s/Arlene M. Richardson**
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C.**
P.O. Box 971
Hayneville, Alabama 36040
Telephone: (334) 548-5660
Fax: (561) 228-1085
E-mail: arlawyer@htcnet.net