IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OLLIE GODWIN,              ) | |
|                     ) | |
|     Plaintiff,              ) | |
|                     ) | |
| v.                       ) | CIVIL ACTION NO. 2:05CV783-SRW |
|                     ) | (WO) |
| NATIONAL UNION FIRE INSURANCE  ) | |
| COMPANY OF PITTSBURGH, INC.,  ) | |
|                     ) | |
|     Defendant.              ) | |

**ORDER**

Plaintiff commenced this action against defendant National Union Fire Insurance Company of Pittsburgh, Inc. ("NUFIC") in the Circuit Court of Crenshaw County, Alabama, on July 12, 2005, asserting bad faith and breach of contract claims arising from defendant's failure to provide medical benefits under an insurance contract.[1] Defendant removed the action to this court on August 15, 2005 on the basis of diversity of citizenship. Plaintiff is an Alabama citizen; defendant NUFIC is a Pennsylvania corporation with a principal place of business in New York. This action is presently before the court on plaintiff's motion for leave to amend the complaint (Doc. # 28) and his motion to remand (Doc. # 29), both filed on October 25, 2006. Plaintiff seeks leave to add claims against a new defendant, Blue Cross Blue Shield of Alabama ("Blue Cross"), and to add an unjust enrichment claim against defendant NUFIC. The court concludes that the motion to amend is due to be granted in part

---

[1] Two other defendants, Palomar Insurance Corporation and Godwin Material Services, Inc., were dismissed by this court as fraudulently joined.

and, accordingly, that the action is due to be remanded.

## DISCUSSION

Plaintiff asserts that, at the time he suffered an injury, he was insured by NUFIC under an occupational accident policy purchased by plaintiff's employer, Godwin Materials, Inc., and was also insured by Blue Cross under a health insurance policy. According to plaintiff, NUFIC failed to pay his claim under the occupational accident policy because it classified his injury as a disease that was not work-related. Blue Cross thereafter initially paid medical bills associated with plaintiff's hip replacement surgery under plaintiff's health insurance policy; however, in July 2006 – after the deadline for amendment had passed in this case – it sought refunds from plaintiff's medical providers because it determined that plaintiff's claims were not payable due to a work-related injury coverage exclusion in the policy. Plaintiff now seeks to add state law breach of contract and unjust enrichment claims against Blue Cross in this action. Blue Cross is incorporated and has its principal place of business in Alabama (see Doc. # 33) and, thus, its joinder would destroy diversity.

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

> In determining whether to allow the amendment, 'the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.'"

Weathington v. United Behavioral Health, 41 F.Supp.2d 1315, 1318 (M.D. Ala

1999)(citation omitted); see also Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). NUFIC argues that the factors identified above – the Hensgens factors – weigh against allowing the amendment, contending that plaintiff seeks to amend his complaint in an attempt to defeat diversity jurisdiction, that he has been dilatory in seeking amendment, that the absence of Blue Cross will not prevent plaintiff from obtaining full relief, and that defendant's right to choose the federal forum weighs against allowing the amendment. Defendant further asserts that plaintiff has not demonstrated good cause for seeking leave to amend after the deadline established in the court's scheduling order.

With regard to the first and second factors, defendant contends that, because plaintiff was aware at the time he filed the present complaint that he was covered under an insurance policy with Blue Cross, "there is no reason not to believe the only reason for delay in adding Blue Cross to this litigation at this point is to defeat diversity jurisdiction before trial" and, further, that plaintiff was dilatory in seeking leave to amend. (Doc. # 38, pp. 2-4). However, as plaintiff argues, he had no cause to sue Blue Cross at the time he filed the present complaint. The cause of action plaintiff now seeks to assert against Blue Cross did not arise until Blue Cross denied his claims and sought refunds from his medical providers in July 2006. The motion for leave to amend was filed three and a half months after this occurred; plaintiff asserts that during that period he was attempting to negotiate a resolution with Blue Cross. The court concludes that the present motion was not filed primarily for the purpose of defeating federal jurisdiction and that plaintiff was not dilatory in seeking leave to add

3

Blue Cross as a defendant.²

As to the third factor – whether the plaintiff will be significantly injured if amendment is not allowed – defendant argues that plaintiff has not demonstrated how he will be unable to obtain full relief from NUFIC without the presence of Blue Cross. NUFIC contends that plaintiff's claims can be fully adjudicated without joinder of the additional defendant. (Doc. # 38, pp. 5-6). The "full relief" standard derives from Fed. R. Civ. P. 19, which provides for joinder of a person who is subject to service of process and whose joinder will not destroy jurisdiction if "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a). While this standard has been applied in some cases to analysis of the third Hensgens factor, "[i]t is clear from the unambiguous language of § 1447(e) that a non-diverse party need not be indispensable as defined by Fed. R. Civ. P. 19 in order for a district court to permit joinder and remand the action to state court." Heininger v. Wecare Distributors, Inc., 706 F. Supp. 860, 862 (S.D. Fla. 1989); see also Hensgens, 833 F.3d at 1182 (rejecting argument that district court may add only an indispensable party).³ While Rule 19 should be considered, it does not control the analysis of whether joinder is proper. See Mayes v. Rappaport, 198 F.3d 457, 462 (4th Cir. 1999)("Under Section 1447(e), the actual decision on whether or not to permit joinder of a

---

² These circumstances also satisfy the "good cause" requirement for modifying a scheduling order under Fed. R. Civ. P. 16(b).

³ Hensgens predates § 1447(e). However, courts continue to apply the Hensgens factors, and some courts have determined that § 1447(e) is a codification of the holding of Hensgens. See Cobb v. Delta Exports, 186 F.3d 675, 677 n. 4 (5th Cir. 1999).

[non-diverse] defendant . . . is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis."). If the court refuses to allow joinder of Blue Cross, plaintiff will have to proceed against it, if at all, in state court. The court concludes that the burden of having to prosecute two separate lawsuits is a significant injury which, although it does not mandate allowing the amendment, weighs in favor of permitting the joinder of Blue Cross under the circumstances in the present case. El Chico Restaurants v. Aetna Casualty and Surety Co., 980 F. Supp. 1474, 1485 (S.D. Ga. 1997)("Plaintiff will be significantly injured if it is not allowed to amend its Complaint to name the additional Defendants, as Plaintiff will then face the prospect of maintaining separate lawsuits in federal and state court."); see also Holcomb v. Brience, Inc., 2001 WL 1480756, *3 (N.D. Tex. Nov. 20, 2001)("The main concern expressed in Hensgens was the possibility of parallel federal and state proceedings. That possibility is a factor in this case.")(footnote omitted).

Defendant argues that the equities favor denying amendment and that "NUFIC, as a non-diverse defendant in a case that has been litigated in federal court for a year, has the right to keep the litigation in this forum." (Doc. # 38, p. 7). The court agrees that the defendant's right to remove is entitled to consideration. The fact that this action has been litigated in this court for well over a year also supports defendant's argument against allowing the amendment, as does the pendency of a motion for summary judgment. The court is also mindful that the new circumstances that have prompted plaintiff's motion for leave to add Blue Cross at this late stage of the case – the insurer's decisions to deny coverage and seek refunds from plaintiff's medical providers – were not within the control of the defendant

before this court. However, the efforts expended by defendant in conducting discovery and preparing its dispositive motion in this court are not wasted in the event of remand to state court. Further, defendant's interest in retaining a federal forum must be weighed against "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources." Hensgens, 833 F.2d at 1182. The court recognizes that plaintiff's claims against Blue Cross and his claims against NUFIC are independent of each other. However, the unique circumstances of this case present claims which should, as a matter of equity, be tried in a single action. In view of the potential for inconsistent results and concerns of judicial economy, the equities weigh in favor of allowing amendment to add Blue Cross as a defendant. See Heininger, *supra*, 706 F. Supp. at 862-63.

Since the court has determined that plaintiff's amendment to add Blue Cross is due to be allowed, and since the joinder of Blue Cross divests this court of jurisdiction, the court does not address the issue of whether plaintiff should be permitted, at this juncture, to add an unjust enrichment claim against NUFIC.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiff's motion for leave to amend (Doc. # 28) is GRANTED to the extent that plaintiff seeks to assert claims against defendant Blue Cross. The court here makes no determination regarding the propriety of the amendment adding an additional claim against NUFIC.

It is further ORDERED that plaintiff's motion to remand (Doc. # 29) is GRANTED,

and this action is hereby REMANDED to the Circuit Court of Crenshaw County pursuant to 28 U.S.C. § 1447 (e) and § 1447(c) for lack of subject matter jurisdiction.

Done, this 15th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE